**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harry McNEAL, also known as Major Thompson, also known as Robert Lee, Defendant–Appellant.**

**No. 89–2570.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 18, 1990.
Decided April 20, 1990.

Helene B. Greenwald, Barry R. Elden, Asst. U.S. Attys., David S. Rosenbloom, Office of the U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Deborah J. Gubin, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

MANION, Circuit Judge.

Harry McNeal was indicted on one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).[1] A federal jury returned a verdict of guilty. The district court sentenced McNeal to a 360–month term of imprisonment followed by a five-year term of supervision upon release. McNeal appeals. For reasons which follow, we affirm.

## I. BACKGROUND

On May 1, 1988, Sgt. Thomas Northfell of the Chicago Police Department was stopped in an unmarked squad car at the intersection of Laramie and Madison Streets in Chicago, facing east on Madison. Northfell heard what he recognized to be two handgun shots from the south. As he looked in the direction of the shots, he saw a number of bystanders duck down and point toward the south on Laramie. Northfell then saw a light-colored Chevrolet coming from the south on Laramie and turn east onto Madison at high speed. After the Chevrolet turned, Northfell noticed that at least one of the bystanders was pointing in the direction of the car. Northfell followed the Chevrolet, and curbed it a few blocks later. Northfell never lost view of the Chevrolet, and could see that there was only one person in it at all times.

After stopping, Harry McNeal got out of the car. McNeal told Northfell he did not have a driver's license, and Northfell placed him under arrest. McNeal told Northfell that he borrowed the car from someone else. Northfell noticed that the steering wheel was damaged and pulled back. He handcuffed McNeal and walked him in front of the car. Northfell opened

---

1. 18 U.S.C. § 922(g) provides:
    It shall be unlawful for any person—
       (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or trans-port in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

the driver's side door and discovered a .357 Magnum handgun under the driver's seat. The gun smelled to Northfell as if it had just been fired. Northfell found three live cartridges and two expended cartridges inside the gun's chamber. He unloaded the gun and called for assistance.

During questioning by Northfell, McNeal first identified himself as Major Thompson, and later claimed to be Robert Lee. Subsequent investigation showed that McNeal had previously been convicted of a crime punishable by a term exceeding one year, and that the gun had traveled in interstate commerce.

A federal jury convicted McNeal of possession of a firearm by a felon. At sentencing the trial court heard oral argument regarding McNeal's motion to declare the Sentencing Guidelines unconstitutional, his motion to strike the government's notice regarding the minimum penalty, and his objections to the presentence investigation. The court denied McNeal's motions, ruled on his objections, and sentenced him to a 360–month term of imprisonment.

## II. ANALYSIS

### A. *Sufficiency of the evidence.*

■ On appeal, McNeal first argues that he was not proven guilty beyond a reasonable doubt. In order to prove a violation of 18 U.S.C. § 922(g)(1), the government is required to show: 1) that the defendant previously had been convicted of a felony; 2) that the defendant knowingly possessed the gun; and 3) that the possession was in or affecting interstate commerce. *United States v. Shunk*, 881 F.2d 917, 921 (10th Cir.1989). Only the second element, McNeal's knowing possession of the gun, is at issue on appeal.

When reviewing a claim that the evidence at trial was insufficient to establish guilt beyond a reasonable doubt, we must determine whether, "viewing the evidence and all reasonable inferences in the light most favorable to the government, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" ... [W]e are not supposed to "weigh the

evidence or to determine the credibility of witnesses...."

*United States v. Teslim*, 869 F.2d 316, 325 (7th Cir.1989) (citations omitted). McNeal argues that the government never proved that he knew the gun was there, or that he ever intended to exercise dominion and control over the gun found in the car. However, circumstantial evidence is sufficient to establish the element of knowing possession. *United States v. Rivera*, 844 F.2d 916, 925 (2d Cir.1988); *United States v. Redwine*, 715 F.2d 315, 323 (7th Cir.1983), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2661, 81 L.Ed.2d 367 (1984). The evidence in this case shows: McNeal was driving the car in which the handgun was found; Northfell heard what he thought to be two shots immediately before he spotted the car McNeal was driving; at least one bystander was pointing in the direction of McNeal's car immediately after the shots were fired; McNeal was driving the car at a high speed immediately after the shots were fired; there were three live cartridges and two expended cartridges in the gun's chamber; and the gun smelled to Northfell as if it had just been fired when McNeal was stopped. From these facts, the jury could reasonably infer that McNeal had fired the gun and therefore had knowingly possessed it.

McNeal contends his failure to flee from the scene indicates he did not think he had done anything wrong. Although this might be a reasonable inference, knowing possession is a rational inference from the other facts. It is not the job of this court to weigh the evidence anew, but rather to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We do not believe the simple fact that McNeal did not flee is sufficient to justify overturning the jury's verdict.

### B. *Constitutionality of the Sentencing Guidelines.*

■ McNeal next asserts the federal Sentencing Guidelines are unconstitutional because they force him to choose between a level reduction and the exercise of his Fifth Amendment right against self-incrimination. Specifically, McNeal challenges

the constitutionality of § 3E1.1, which provides a two-level sentence reduction if a defendant accepts personal responsibility for his criminal conduct.[2] However, Application Note 4 of § 3E1.1 states a reduction under the section "is not warranted where a defendant ... obstructs the trial or administration of justice." Note 4 refers to Guideline § 3C1.1 for determining whether the defendant obstructed justice. In this case, McNeal gave two false names during questioning. The trial court specifically found this to be an obstruction of justice within the meaning of § 3C1.1. McNeal does not challenge this finding on appeal. Since McNeal could not receive the two-level reduction of § 3E1.1 even if he accepted personal responsibility, he has no standing to challenge its constitutionality. Therefore this court need not address the merits of his constitutional challenge.[3]

### C. *Was this a crime of violence?*

■ Finally, McNeal argues that his sentence should not have been enhanced pursuant to § 4B1.1 of the Sentencing Guidelines. Section 4B1.1[4] provides enhancement of a defendant's offense level if the defendant is a career offender:

A defendant is a career offender if 1) the defendant was at least 18 years old at the time of the instant offense, 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(1) provides: "The term 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16," which in turn provides:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

McNeal contends that his conviction for possession of a handgun by a felon is not a crime of violence within the meaning of this statute because it neither has "use, attempted use, or threatened use of physical force" as an element nor involves a substantial risk of physical force.

Application Note 1 of § 4B1.2 provides:

The Commission interprets [crime of violence] as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. Conviction

---

2. Section 3E1.1 of the Sentencing Guidelines provides:

**Acceptance of Responsibility**

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

3. We note, however, that at least two circuits have already upheld § 3E1.1 against the constitutional challenge advanced here. See *United*

*States v. Henry*, 883 F.2d 1010 (11th Cir.1989); *United States v. White*, 869 F.2d 822 (5th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). In a case prior to the adoption of the Sentencing Guidelines, this court held, "A show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial." *United States v. Thompson*, 476 F.2d 1196, 1201 (7th Cir.), *cert. denied*, 414 U.S. 918, 94 S.Ct. 214, 38 L.Ed.2d 154 (1973).

4. Effective November 1, 1989, Guidelines §§ 4B1.1, 4B1.2 and their application notes were amended. The amended Guidelines have no application to this case, however, since they were not in effect on the date of sentencing.

for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.[5]

The Third Circuit, citing Application Note 1, held in *United States v. Williams*, 892 F.2d 296, 304 (3d Cir.1989): "By analogy to the escape example, possessing a gun while firing it … is a crime of violence; possession without firing the weapon is not." Thus the district court may consider the facts underlying the conviction in determining whether possession of a firearm is a crime of violence. At the sentencing hearing in this case, the district court specifically held McNeal fired the gun. Record, docket No. 50 at 177. We review a district court's factual findings at a sentencing hearing only for clear error. *United States v. Agyemang*, 876 F.2d 1264, 1271 (7th Cir.1989). Because the evidence in the record indicates McNeal fired the weapon, the district court correctly held he was convicted of a crime of violence.

The government contends possession of a firearm by a convicted felon is always a crime of violence, whether or not the weapon is fired. At least one district court has agreed with this position. See *United States v. Johnson*, 704 F.Supp. 1398, 1403 (E.D.Mich.1988); *United States v. Jones*, 651 F.Supp. 1309, 1310 (E.D.Mich.1987). As we have noted, the Third Circuit in *Williams* indicated mere possession sometimes might not be a crime of violence, depending upon the facts of the case. However, since the district court in this case found McNeal fired the weapon and therefore committed a crime of violence under either standard, we do not need to resolve the question of whether mere possession will suffice.

The decision of the district court is

AFFIRMED.

---

**5.** The Sentencing Guidelines' application notes are entitled to "substantial weight." *United States v. White*, 888 F.2d 490, 497 (7th Cir.1989). As this court noted in *United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989): "The [Sentencing] Commission's notes are largely written by the Commissioners and are always considered together with the text; we need not wonder whether the Commissioners knew of and assented to these notes in the same way we worry about statements buried in committee reports." There is a danger of relying on application notes which conflict with the Guidelines' text. However, we find no such conflict in this case.