**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edwin ALVAREZ, Defendant–Appellant.**

**No. 89–2670.**

United States Court of Appeals,
Seventh Circuit.

Argued June 4, 1990.
Decided Sept. 27, 1990.

Michael R. Pace, Barry R. Elden, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Carol A. Brook, Lauren J. Weil, Federal Defender Program, Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, CUMMINGS and MANION, Circuit Judges.

BAUER, Chief Judge.

This case presents a series of challenges to the application of Federal Sentencing Guideline § 4B1.1, the Career Offender Guideline. Under this provision, certain defendants with multiple past convictions who now face sentencing for a "crime of violence" or a "controlled substance offense" incur significantly enhanced sentences. Defendant Edwin Alvarez was convicted of a single violation of 18 U.S.C. § 922(g)(1), the statute making it a federal crime for a convicted felon to knowingly possess a firearm. Due to the circumstances of his crime and his lengthy criminal history, Alvarez was sentenced, pursuant to the Federal Sentencing Guidelines, to 30 years in prison without possibility of parole. Alvarez appeals, contending that the district court improperly considered the specific facts of his case rather than the general elements of § 922(g) in determining that he had committed a "crime of violence" for purposes of Guideline § 4B1.1. Beyond this, Alvarez contends that § 4B1.1 as applied constitutes both "cruel and unusual punishment" for purposes of the eighth amendment and a violation of the double jeopardy clause of the fifth amendment. Because we believe the district court's sentence is proper under the Guidelines and that no constitutional violation occurred, we affirm.

## I. Background

Shortly after midnight on the morning of April 2, 1988, Chicago police officers David Kohn and Clark Mikes, working as part of the Gang Crimes Investigation West unit, approached a group of men drinking beer on the corner of Cullerton and Hoyne on Chicago's west side. The officers, who had already told this group to disperse half an hour ago, informed the men that they were now under arrest for drinking in public, and to stand against the wall of the building behind them. Most of the group complied. One man, Edwin Alvarez, did not. Instead, he began walking west on Cullerton away from the officers. Officer Kohn told Alvarez again that he was under arrest and to stand against the wall. This time, Alvarez complied.

Alvarez tried to distract Officer Kohn by telling him someone with a gun was behind him. Undistracted, Kohn led Alvarez to the building and placed him against the wall with the others. When Kohn began to search Alvarez, the defendant again told Kohn that a man with a gun was standing behind him. This time, Kohn looked behind him. No one was there. When Kohn spun back around he saw Alvarez pulling a gun from his pants pocket. Kohn struggled with Alvarez, wrestled the gun—a fully-loaded, .25-caliber semiautomatic handgun—away from him and pinned him against the building. In the brief struggle, Kohn injured his finger on the hammer of the gun.

Following Alvarez' arrest, the authorities discovered that he had been convicted of seven prior felonies. Thus, he was charged in the Northern District of Illinois under 18 U.S.C. § 922(g)(1) as a convicted felon in knowing possession of a firearm. On December 8, 1988, Alvarez was tried by a jury which found him guilty of this charge.

Alvarez was sentenced by Judge Ann C. Williams on July 26, 1989. Because Alvarez had a criminal history of at least three violent criminal convictions, he faced a mandatory minimum sentence of 15 years and a maximum sentence of life in prison under § 924(e)(2)(B)(ii). Alvarez' actual

sentence, however, was to be determined under the Federal Sentencing Guidelines.

A felon convicted for possession of a handgun under § 922(g) faced a base offense level of 9 under Guideline § 2K2.1. This relatively low offense level is augmented by application of § 4B1.1, the Career Offender Guideline. The court determined that Alvarez was eligible for sentencing under this enhancement provision, as he had committed a "crime of violence" and had multiple prior convictions. Thus, because his crime of conviction carried a maximum sentence of life in prison, his base offense level was calculated at 37. Because the terms of § 4B1.1 also mandate that a defendant who qualifies under this provision is considered to have the maximum criminal history category, level VI, Judge Williams determined that Alvarez' sentencing range extended from 360 months to life imprisonment. Judge Williams then sentenced Alvarez to 30 years in prison without parole. Alvarez filed a timely notice of appeal.

## II. Discussion

Apparently, Alvarez would be content with the mandatory minimum 15–year sentence required by § 924(e). He objects, however, to the 30–year sentence imposed under § 4B1.1. Thus, he raises several attacks to the use of § 4B1.1 in determining his sentence. Primarily, he contends that the court erroneously characterized his crime, possession of a firearm by a convicted felon, as a "crime of violence" for purposes of the Sentencing Guidelines. Beyond this, Alvarez argues that the 30–year sentence imposed by the court through this particular application of the Guidelines constitutes cruel and unusual punishment in violation of the eighth amendment. Alvarez also contends that the Career Offender Guideline violates the double jeopardy clause of the fifth amendment. We will consider each of these several objections in turn.

Section 4B1.1 of the Guidelines provides for significant enhancement of the defendant's sentence if the defendant qualifies as a "Career Offender." The section states:

A defendant is a career offender if 1) the defendant was at least 18 years old at the time of the instant offense, 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

At the time of Alvarez' sentencing, a "crime of violence" was defined under § 4B1.2(1), which in turn referred to 18 U.S.C. § 16.[1] Under 18 U.S.C. § 16, a "crime of violence" is defined as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Alvarez contends that mere possession of a handgun does not involve the use, attempted use or threatened use of force, nor does it by its nature involve a substantial risk of such force, and therefore it cannot be considered a "crime of violence" for purposes of the Career Criminal Offender Guideline. The government argues that Alvarez' actions and the circumstances of his crime—the deception of the police, reaching for the gun, the struggle with Officer Kohn, and Kohn's injury—involve the use of force and therefore § 4B1.1 was applicable.

▬ Thus, we arrive at the crux of the dispute. In determining whether an offense is a "crime of violence" for purposes of the Sentencing Guidelines, do we look only to the elements of the offense as charged or do we also consider the conduct

---

1. The Career Offender Guideline was amended effective November 1, 1989. As Alvarez was sentenced prior to that date, the amendments do not effect our analysis. The amendments do not apply retroactively. *See United States v.*

*Havener,* 905 F.2d 3 (1st Cir.1990) (amendments to Career Offender guideline were substantive, not mere clarification, and thus should not be retroactively applied).

of the defendant at the time of the offense? If we looked only to the elements of the crime, the case for application of the Career Offender Guideline would be rather lean. Despite the obvious dangers of convicted felons possessing firearms, it is quite a stretch to contend that simple possession alone constitutes a crime of violence. Nevertheless, some district courts have accepted this argument. *See United States v. Phillips*, 732 F.Supp. 255, 262–63 (D.Mass.1990); *United States v. Johnson*, 704 F.Supp. 1398, 1403 (E.D.Mich.1988); *United States v. Jones*, 651 F.Supp. 1309, 1310 (E.D.Mich.1987). Recently, however, we held that in considering whether an offense is a "crime of violence" for purposes of the Career Offender Guideline, we must look to the underlying conduct as well as the elements of the offense as charged. *See United States v. McNeal*, 900 F.2d 119, 122–23 (7th Cir.1990).[2] In reaching this conclusion, we considered both the commentary to the Guidelines and subsequent decisions from other circuits.

As we noted in *McNeal*, Application Note 1 to § 4B1.2 provides[3]:

> The Commission interprets [a crime of violence] as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson or robbery are covered by this provision. Other offenses are covered only *if the conduct for which the defendant was specifically convicted meets the above definition.* For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. . . .

(Emphasis added.) Thus, the Application Notes suggest that the sentencing court review not only the elements of the offense as charged, but also the specific conduct of the defendant as well. As we have noted before, these Application Notes are entitled to substantial weight in interpreting the

Guidelines. *See United States v. White*, 888 F.2d 490, 497 (7th Cir.1990); *United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989). Further, other circuits have looked to the conduct underlying the specific offense in applying § 4B1.1. *See, e.g., United States v. Williams*, 892 F.2d 296, 304 (3d Cir.1989).

Alvarez contends that allowing such consideration of the underlying conduct would undermine the Guidelines. We disagree. The Guidelines are intended to create standardized ranges for similar crimes and to treat similarly situated defendants equally. They are not, however, rigid rules that entirely deprive the district court of its discretionary function in applying sentences. For instance, § 1B1.3 provides that "[c]onduct which is not formally charged or is not an element of the offense of conviction may enter into a determination of the applicable sentencing range." Thus, in *United States v. Terry*, 900 F.2d 1039 (7th Cir.1990), this court held that a sentencing judge may even consider the conduct of the defendant during *prior* convictions for purposes of applying § 4B1.1. Given that the district court has heard the evidence and assessed the facts involved with the instant conviction, consideration of the facts underlying that conviction is even more reasonable when determining whether the offense is a "crime of violence."

In *McNeal*, we upheld the district court's determination that a defendant convicted of being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g), who had fired the gun during the offense, had committed a crime of violence for purposes of § 4B1.1. *See* 900 F.2d at 123. *See also Williams*, 892 F.2d at 304. Alvarez did not fire the gun during this offense. Thus, we do not have the same clear-cut case of force as in *McNeal*. Nevertheless, the facts of Alvarez' case do demonstrate use of physical force sufficient to constitute a

---

2. In *McNeal*, we expressly reserved the question of whether mere possession of a firearm by a convicted felon constitutes conduct sufficient to qualify as a "crime of violence" under § 4B1.1. 900 F.2d at 123. Because the conduct here involves the use of force, we again do not reach

the question of mere possession; however, we note the difficulties inherent in such an argument.

3. Like the Guideline section itself, this Application Note has been amended.

"crime of violence." The findings of the district court on this question are factual and will not be overturned unless clearly erroneous. *See United States v. Durrive,* 902 F.2d 1221 (7th Cir.1990). There is a wide expanse of possibilities that fall between firing a gun and merely possessing one. Some of these involve a substantial threat of force; others do not. Any victim of armed robbery will attest to the fact that, fired or not, the attacker's gun presented a substantial risk of the use of force. Had Alvarez simply surrendered to Officer Kohn, or even attempted to flee unsuccessfully when informed that he was under arrest, this would be another case entirely. Instead, we are faced with a defendant who struggled with a police officer over a loaded, semi-automatic weapon and managed to injure the officer in the altercation. This conduct involved force, danger and violence. The district court, therefore, did not err by applying § 4B1.1 in determining Alvarez' sentence.

Alvarez' remaining contentions are constitutional challenges to the Guidelines, which this court has long before considered and rejected in other cases. Specifically, Alvarez asserts that § 4B1.1 constitutes "cruel and unusual" punishment in violation of the eighth amendment and also violates the double jeopardy clause of the fifth amendment. Both claims are meritless.

■ The Supreme Court set forth our standard of review for eighth amendment claims in *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983). Under *Solem,* a sentence will not be overturned for purposes of the eighth amendment unless it is grossly disproportionate to the crime of conviction. As the Court stated:

[A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

463 U.S. at 292, 103 S.Ct. at 3011. This standard is narrowed to a large degree by our own recognition that invalidation for disproportionality should be rare. *See United States v. George,* 891 F.2d 140, 144 (7th Cir.1989); *United States v. Kimberlin,* 781 F.2d 1247, 1258 (7th Cir.1985).

Although Alvarez contends that a 30–year sentence is too harsh for his crime, he does not provide any cases which support his theory. Indeed, such support would be hard to come by. Section 924(e), the provision creating penalties for violations of § 922(g), authorizes a sentence from 15 years to life. Congress clearly considered firearms in the hands of historically violent criminals to be a grave crime and intended to deal harshly with such offenders. Alvarez' sentence was within the statutory maximum established by Congress. This court has upheld the imposition of a life sentence for possession of a handgun by a felon convicted of three violent crimes. *See United States v. Jackson,* 835 F.2d 1195 (7th Cir.1987) (sentence under 18 U.S.C. § 1202). Moreover, attacks upon the severity of sentences within the statutory range for repeat offenders under §§ 922(g) and 924(e) have been regularly rejected by this court and other jurisdictions. *See United States v. Sanchez,* 859 F.2d 483, 486 (7th Cir.1988) ("No court has so much as hinted that 15 years in jail for possession of a deadly weapon by a person with multiple convictions for violent felonies ... is impermissible."). *See also United States v. Gallman,* 907 F.2d 639 (7th Cir.1990); *United States v. Dombrowski,* 877 F.2d 520 (7th Cir.1989); *United States v. Gilliard,* 847 F.2d 21 (1st Cir.1988); *United States v. Gourley,* 835 F.2d 249 (10th Cir. 1987). A 30–year sentence is not disproportionate to Alvarez' crime and his eighth amendment challenge must therefore fail.

■ Finally, Alvarez contends that § 4B1.1 violated his rights under the double jeopardy clause. Specifically, Alvarez argues that the imposition of the 30–year to life sentence under § 4B1.1 *on top of* the mandatory 15–year sentence under § 924(e) constitutes multiple punishments for the same crime—possession of a fire-

arm. This argument badly misunderstands both the penalties under § 924(e) and the relationship between the Sentencing Guidelines and the double jeopardy clause.

The double jeopardy clause protects defendants against "a second prosecution for the same offense ... [and] against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1968). *See also United States v. Garrett*, 903 F.2d 1105, 1113–15 (7th Cir.1990). Calculation under the Federal Sentencing Guidelines of the proper sentence within the statutory range established by Congress, however, does not constitute multiple punishment. As we have noted, although the Guidelines seek to achieve a greater uniformity in sentencing for federal crimes, they do not alter the statutory ranges established by Congress. *See United States v. Salva*, 894 F.2d 225, 230 (7th Cir.1990), (citing Breyer, *The Federal Sentencing Guildelines and the Key Compromises Upon Which They Rest*, 17 Hofstra L.Rev. 1, 4–5 (1988)). The statutory range for Alvarez' crime of conviction, possession of a firearm by a convicted felon, carried, as a result of his criminal history, a statutory range of 15 years to life imprisonment. *See* 18 U.S.C. § 924(e). Under the Guidelines, when the violent nature of the offense of conviction was taken into consideration, the resulting sentencing range was narrowed to 30-years to life. This narrowing of the applicable range, however, does not constitute "multiple punishment" for purposes of the double jeopardy clause.

*See, e.g., Williams*, 892 F.2d at 304–05. In *Williams*, the Third Circuit faced a similar challenge to application of § 4B1.1 in sentencing a defendant with a history of violent crime for possession of a firearm. The Third Circuit noted, "Since the Guideline range and the sentence imposed are well within the range authorized by the statute, there is no double punishment: only a single substantial punishment for a violent offense committed by a recidivist." 892 F.2d at 305.

Here, the narrowing of Alvarez' sentencing range stems from the fact that the crime of conviction involved violence. If the gun was found on the seat of his car, or during a pat-down search, we might well have a different case altogether. *See United States v. Lewis*, 910 F.2d 1367 (7th Cir.1990). Instead, we must consider a situation in which Alvarez used force in the commission of his crime, thus qualifying under § 4B1.1 for further enhancement. Congress has intended for violent felons who continue to practice violent crime to face harsh penalties. The Commentary to § 5G1.1 of the Guidelines provides: "The sentence imposed should be consistent with the statute but as close as possible to the guidelines." [4] The statute here creates a range between 15 years and life. § 924(e). The Guidelines narrow that range to 30 years to life in consideration of the continuing pattern of violence in the defendant's criminal career. This narrowing does not contradict Congressional intent, nor does it implicate the double jeopardy clause.[5]

---

4. We also note that Alvarez' contention that the statutory minimum rather than the guideline minimum should be applied is unfounded. Alvarez arrives at his mistaken conclusion by calculating his sentence under the Guidelines, using the penalty for a simple violation of § 922(g) rather than violation by a repeat offender under § 924(e). Using this flawed reasoning, he calculates his sentence under the Guidelines at less than the statutory minimum of 15 years required by § 924(e). Thus, since a conflict between the statute and the Guidelines must be resolved in favor of the statute, § 5G1.1(b), he concludes that a 15-year sentence is mandated. Section 922(g), however, contains no penalty provisions. The proper sentence under the statute must be determined by reference to § 924. The proper range under § 924(e), the sentencing provision for Alvarez'

predicate crime, is 15 years to life in prison. Thus, the sentence imposed by the district court is within the statutory range and no conflict exists.

5. Alvarez' reliance on *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), is also unavailing. In that case, the defendant was convicted and sentenced both for bank robbery and for using a firearm in the commission of a felony. The Supreme Court held that the enhancement of the penalty for bank robbery by considering the use of the gun *and* the imposition of a separate consecutive sentence for the use of the firearm amounted to multiple punishment and was impermissible as it exceeded the maximum allowable sentence. *Id.* at 12–15, 98 S.Ct. at 913–14. The use of the career offender

### III. Conclusion

In determining whether a defendant has committed a "crime of violence" for purposes of Guideline § 4B1.1, a sentencing court may consider the underlying conduct of the defendant during the commission of the offense of conviction. Here, the district court properly concluded that because Alvarez' conduct involved the use of force, he had committed a "crime of violence" and his sentence was properly enhanced under § 4B1.1. In applying the Guidelines in this manner, neither the eighth amendment prohibition against cruel and unusual punishment nor the fifth amendment double jeopardy clause was violated. Alvarez' sentence of 360 months imprisonment without possibility of parole is, therefore,

AFFIRMED.

provision challenged by Alvarez does not result in a sentence which exceeds the statutory maximum for a violation of § 922(g), nor are two separate offenses involved in this conviction.

Thus, no double jeopardy violation as contemplated in *Simpson* occurred. *Cf. Garrett,* 903 F.2d at 1114 n. 12; *United States v. Sanchez-Lopez,* 879 F.2d 541, 558–60 (9th Cir.1989).