952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph R. HARTLEY, Defendant-Appellant.
 No. 91-2236.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.[1]
Decided Jan. 13, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Hartley pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. 922(g). Mr. Hartley's appointed counsel seeks to withdraw, believing that an appeal is without merit. He has filed a brief with this court suggesting that the appeal is meritless pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967); Cir. Rule 51(a). Mr. Hartley responded by requesting this court to appoint a different attorney to argue his appeal. We find that Mr. Hartley's appeal is without merit, and grant counsel's motion to withdraw. For the same reasons, we deny Mr. Hartley's motion for appointment of a new appellate attorney and dismiss the appeal.
 
 I. Facts
 
 2
 Joseph Hartley had an argument with another patron at Koch Street Bar and Grill in Pekin, Illinois. In an effort to frighten that patron, Mr. Hartley took a .22-caliber derringer from his pocket, moved a few steps closer to the patron, and fired a bullet into the ceiling. He was arrested, and pleaded guilty to possessing a firearm as a felon. His penalty for this act would have been 15-21 months incarceration and 3 to 5 years supervised release. Mr. Hartley had a prior criminal record that included three felony convictions, two for burglary and one for robbery, that made him eligible for an enhanced sentence. Matching his criminal history with the instant offense resulted in a mandatory minimum fifteen-year sentence, which the district court imposed as required by 18 U.S.C. § 924(e)(1).
 
 II. Analysis
 
 3
 Mr. Hartley's attorney raises three arguments that might be raised on the appeal: (1) whether the prior felony convictions are sufficient to trigger the penalty enhancement under which he was sentenced; (2) whether the enhancement requires Mr. Hartley to commit a crime other than that of possession to trigger the penalty enhancement; and (3) whether the enhancement is cruel and unusual punishment prohibited by the Eighth Amendment. Our review of the record discloses no meritorious arguments.
 
 A. Defendant's Prior Felony Convictions
 
 4
 In the Anders brief, counsel states that Mr. Hartley's burglary conviction is not burglary for purposes of the sentencing statute. Mr. Hartley's burglary convictions were for breaking into businesses, not residences as required for a violation of common-law burglary. Therefore, Mr. Hartley reasons, burglary as contemplated by the Congress when drafting the statute does not encompass the offense for which Mr. Hartley was convicted. This argument fails. Burglary, for purposes of the penalty enhancement, is defined under the contemporary understanding of that crime. Thus, burglary includes breaking into structures not limited to residential dwellings. Taylor v. United States, 495 U.S. 575, ----, 110 S.Ct. 2143, 2155-58 (1990); United States v. Gallman, 907 F.2d 639, 644 (7th Cir.1990), cert. denied 111 S.Ct. 1110 (1991). This "generic" definition of burglary fulfills the "violent felony" requirement needed to trigger the enhancement. 18 U.S.C. § 924(e)(2)(B)(ii) (1991); Taylor, 495 U.S. at ----, 110 S.Ct. at 2160; Gallman, 907 F.2d at 644.
 
 
 5
 B. Sufficiency of the Possession Offense.
 
 
 6
 Counsel conveys defendant's assertion that for the assessed penalty enhancement to apply, the defendant must have committed another crime in addition to the possession offense. This assertion is incorrect. Mr. Hartley pleaded guilty to a crime, that when matched with his criminal history resulted in an enhanced penalty. 18 U.S.C. § 922(g) (1991); 18 U.S.C. § 924(e)(1) (1991). Nothing in the statute requires a crime other than possession to trigger the enhancement. Therefore, Mr. Hartley's argument is without merit.
 
 
 7
 C. Cruel and Unusual Punishment.
 
 
 8
 Last, counsel raises an issue whether a minimum fifteen year penalty enhancement violates the Eighth Amendment prohibition against cruel and unusual punishment. The rule of law is that a sentence does not violate the Eighth Amendment unless it is grossly disproportionate to the crime under which the defendant is convicted. Solem v. Helm, 463 U.S. 277, 290-292, 103 S.Ct. 3001, 3009-10 (1983); United States v. Alvarez, 914 F.2d 915, 919 (7th Cir.1990), cert. denied 111 S.Ct. 2057 (1991). Rarely are sentences found to be "grossly disproportionate." Alvarez, 914 F.2d at 919. A fifteen-year sentence for possession of a deadly weapon by a person with multiple felony convictions is not grossly disproportionate to the crime, and does not constitute cruel and unusual punishment. United States v. Sanchez, 859 F.2d 483, 486 (7th Cir.1988), cert. denied 489 U.S. 1021, 109 S.Ct. 1144 (1989); cf. United States v. Williams, 923 F.2d 76, 78-79 (8th Cir.1991) (holding that a life sentence for charge of felon in possession of a firearm is not cruel and unusual punishment). The penalty enhancement dictated under § 924(e)(1) is constitutional. Sanchez, 859 F.2d at 486; cf. Alvarez, 914 F.2d at 919.
 
 III. Conclusion
 
 9
 For the foregoing reasons, counsel's motion to withdraw is granted; defendant's motion for appointment of counsel is denied; and the appeal is
 
 
 10
 DISMISSED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.R. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs