978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BRENDIA, Defendant-Appellant.
 No. 92-1261.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 23, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 On January 30, 1991, Michael Brendia was in possession of a pipe bomb, which he planned to use to commit suicide. A friend talked him out of it, and he disposed of the bomb by lighting it and throwing it at a wall in the parking lot of Union Station in South Bend, Indiana. The resulting explosion damaged the building and a nearby automobile.
 
 
 2
 A grand jury returned a one-count indictment charging Brendia with knowingly receiving and possessing a firearm not registered in the National Firearms Registration and Transfer Record. See 26 U.S.C. § 5861(d). Section 5861(d) prohibits the possession or receipt of an unregistered firearm, and § 5845(f) includes in the definition of a firearm certain "destructive devices," one of which is "any explosive ... bomb." Brendia pled guilty to the charge, but asked the court to depart downward from the Sentencing Guidelines under § 5K2.13. Section 5K2.13 allows a court to depart from the Guidelines where "the defendant has committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants." The district court denied Brendia's request, finding that his offense was not non-violent. That decision stemmed from this court's holding in United States v. Poff, 926 F.2d 588, 592 (7th Cir.) (en banc), cert. denied, 112 S.Ct. 96 (1991), that "crimes of violence," as defined in Guideline § 4B1.2, are the opposite of "non-violent offenses" under § 5K2.13. Applying Poff, the district court found that Brendia had committed a crime of violence under § 4B1.2 because his offense "involve[d] the use of explosives"; namely, the pipe bomb. U.S.S.G. § 4B1.2(1)(ii). This finding logically precluded any departure under § 5K2.13.
 
 
 3
 Brendia advances two claims on appeal. First, that the district court improperly accepted his guilty plea without determining whether it had a sufficient factual basis. Second, that the court erred in refusing to depart from the Guidelines, as it should have examined only the elements of the offense in deciding whether it was non-violent, not his specific conduct. We affirm.
 
 
 4
 Brendia's first claim is based on Federal Rule of Criminal Procedure 11(f), which requires a court accepting a guilty plea to "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." He maintains that the court shirked this duty because it never determined whether his pipe bomb fell within the exception to the definition of "destructive device" for "any device which is neither designed nor redesigned for use as a weapon." 26 U.S.C. § 5845(d). The problem with this theory is that a claim that a device falls within the exception for instruments that are "neither designed nor redesigned for use as a weapon" is an affirmative defense, United States v. Neal, 692 F.2d 1296, 1303 (10th Cir.1982); United States v. Beason, 690 F.2d 439, 445 (5th Cir.1982); United States v. Oba, 448 F.2d 892, 894 (9th Cir.1971), not an element of the crime. In pleading guilty, the defendant waived his right to present potential affirmative defenses, United States v. Broce, 488 U.S. 563, 573-74 (1989), and the court merely had to satisfy itself that he knowingly possessed a destructive device and that it was not registered as required. United States v. Ross, 917 F.2d 997 (7th Cir.1990) (defining elements of a § 5861(d) violation), cert. denied, 111 S.Ct. 1078 (1991). Brendia admitted to both of these elements when questioned by the court. Plea Hearing Transcript, at 21-22. Thus, the court complied with Rule 11(f), and acted properly in accepting the guilty plea.[1]
 
 
 5
 Brendia's second argument may be summarized as follows: Given that (1) Taylor v. United States, 495 U.S. 575 (1990) adopted a categorical approach (one looking at the elements necessary for a conviction, not the underlying facts) for deciding what crimes are "violent felonies" under 18 U.S.C. § 924(e), and (2) the definition of "violent felony" in 18 U.S.C. § 924(e) closely parallels the definition of "crime of violence" in Guideline § 4B1.2, then (3) courts should apply the categorical approach when interpreting § 4B1.2 itself and when looking to § 4B1.2 to decide whether a crime is a non-violent offense under § 5K2.13. Since the court here did not follow the categorical approach, instead looking at the underlying facts of the offense (exploding a bomb in a public area), Brendia contends that it misapplied the Guidelines.[2]
 
 
 6
 We reject this argument for two reasons. First, this circuit has consistently held that a district judge interpreting § 4B1.2 has discretion to examine the underlying facts of an offense when the offense is not among the crimes of violence specifically listed in the Guideline. See United States v. Chapple, 942 F.2d 439, 442 (7th Cir.1991); United States v. Jones, 932 F.2d 624, 625 (7th Cir.1991); United States v. Terry, 900 F.2d 1039, 1042 (7th Cir.1990). Further, although Brendia maintains that these cases ought to be reexamined in light of Taylor, we note that the Chapple court was aware of Taylor and its potential impact on the interpretation of § 4B1.2, but nevertheless chose not to overrule circuit precedent. See Chapple, 942 F.2d at 443 (Posner, J., dissenting) (noting that Taylor cast doubt on the circuit rule). Like the Chapple panel, we refuse to overturn the established rule, which is also applied in other Circuits. See United States v. Wright, 957 F.2d 520 (8th Cir.), cert. denied, 113 S.Ct. 167; United States v. John, 936 F.2d 764 (3d Cir.1991).[3]
 
 
 7
 Second, even if Chapple was wrongly decided and Taylor's categorical approach ought to be applied to § 4B1.2, a factual approach would still be preferable under § 5K2.13. Section 4B1.2 defines the terms used in § 4B1.1, which sets the offense level and criminal history category for career offenders, effectively determining the applicable sentencing range. Section 5K2.13, in contrast, is not used in calculating the Guideline range. It simply gives courts discretion to depart down from the sentencing range for defendants with diminished mental capacities, provided that their offense was non-violent and their criminal history does not indicate a need for incarceration to protect the public. The goal of the section seems to be to allow for some leniency toward those who may be less culpable for their conduct, while at the same time ensuring that dangerous, violent offenders will be segregated from society. In light of this goal, it makes sense to allow courts applying § 5K2.13 to consider a broad range of factors, including the defendant's actual conduct, before exercising the discretion to impose a sentence below the Guidelines.[4] See U.S.S.G. § 1B1.4 (allowing a court considering a departure to take note of "any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.")
 
 
 8
 For these reasons the court properly considered Brendia's actual conduct in finding his crime was not non-violent, and we therefore find no error in its refusal to depart from the Guidelines.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Brendia's claim that his counsel was ineffective for not pursuing the affirmative defense also fails, since doing so would have been futile. At the guilty plea hearing Brendia admitted that the bomb had been designed as a weapon, though he planned to use it on himself. In addition, he actually used the bomb as a weapon, setting it off in a public area and causing property damage
 
 
 [2]
 It is because Brendia claims an error of law that we have jurisdiction of this appeal; discretionary refusals to depart downward are not reviewable, but where the district court found it lacked authority to depart (i.e., because the offense was not non-violent), appellate jurisdiction exists. Poff, 926 F.2d at 590-91
 
 
 [3]
 Some cases from other circuits may appear to adopt Taylor 's categorical approach to defining crimes of violence, but we note that these cases deal only with subsection (i) of § 4B1.2(1), which distinctly refers to the elements of the offense. See United States v. Telesco, 962 F.2d 165 (2d Cir.1992); United States v. Wilson, 951 F.2d 586 (4th Cir.1991), cert. denied, 112 S.Ct. 2294 (1992). In contrast, cases examining subsection (ii) logically hold that that section, which refers to the defendant's conduct itself, allows for a more expansive, fact-based inquiry. See Wright and John, supra
 
 
 [4]
 We note that the commentary to § 4B1.2 was amended in November of 1991 to state that "The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G. § 4B1.2, comment. (n. 2). This does not alter our analysis. The amendment was plainly intended to deal with a different statute, 18 U.S.C. § 922, which outlaws possession of a firearm, whether registered or not, by a convicted felon. The instant case, in contrast, deals with possession, whether or not by a felon, of an unregistered firearm. Thus, the addition to § 4B1.2's application notes is not directly relevant. Moreover, Brendia did more than simply possess the bomb--he exploded it in a public place