7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. PEARSON, Defendant-Appellant.
 No. 92-3921.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.[1]
Decided Oct. 6, 1993.
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant pled guilty to one count of possession of a firearm by a felon. 18 U.S.C. § 922(g). He appeals from his sentence of 84 months' imprisonment on the basis that the government failed to present sufficient evidence that he possessed the gun in connection with an attempted armed robbery.
 
 
 2
 According to the presentence report (PSR), on January 30, 1992, the Peoria police department received several calls about an armed robbery in progress in an apartment building. Several witnesses saw defendant and Lester King approach and enter the building. Two teenage girls and Darren Weeks were in the foyer. When the girls saw defendant holding a large handgun, they ran upstairs to the apartment of William Jackson. Jackson testified that he let the girls in and heard one of the men downstairs say, "Everyone on the floor, give up what you got." Charles Moore, a resident of the building, also ran when he saw defendant with a gun and saw King holding a gorilla mask. He heard either defendant or King say "Give it up."
 
 
 3
 Weeks testified for the government that defendant tried to rob him. Weeks knew defendant from the street, but had never spoken with him. Defendant entered the building, showed his handgun and said, "Show me what you got." Weeks was frightened, and ran upstairs.
 
 
 4
 Detective Ken Boddie testified for the government that Sergeant Adams was the first to respond to the call. As Adams approached the building, he could see through the glass in the front door, and saw one black male running up the stairs as defendant stood holding the handgun. The recovered handgun was a 9 millimeter semi-automatic, fully loaded, with a round in the chamber and the safety off. Additional ammunition was found in defendant's pocket.
 
 
 5
 Defendant testified that he never intended to commit robbery. Instead, he was meeting Weeks to make a drug deal. Defendant had known Weeks since 1988, had socialized with him, and had previously "done business" with Weeks. Prior to going to the apartment building, defendant had smoked crack cocaine. A friend gave him the gun, which defendant was to exchange for more crack and cash. Defendant met Weeks at the building and offered the gun in exchange for crack. When Weeks saw the police officer approaching, he shoved the gun back into defendant's hands and ran upstairs. King and another man both testified for defendant that Weeks had previously sold drugs to defendant, and had socialized with him.
 
 
 6
 The district court found that both defendant and Weeks had probably perjured themselves. However, in regard to the reason defendant had carried the gun to the apartment building, the court believed Weeks was telling the truth, that defendant had tried to rob him using the gun.
 
 
 7
 Defendant contends that the evidence was insufficient to permit the district court to find that defendant possessed the gun with the intent to commit armed robbery. Defendant points out that the court found there was a "fairly good chance that Mr. Weeks committed perjury." This court will not disturb the findings of a sentencing court unless they are clearly erroneous. United States v. Villasenor, 977 F.2d 331, 336 (7th Cir.1992), cert. denied, 113 S.Ct. 1340 (1993). Credibility determinations fall within the province of the sentencing court. United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir.1991).
 
 
 8
 Weeks said he never arranged to meet defendant and sell him crack. Defendant said he was trading Weeks the gun for crack. While the district court found much of Weeks' testimony to be incredible, the court did not have to believe defendant's version either. It matters only that the court believed Weeks told the truth about defendant using the gun to rob him (notwithstanding the fact that Weeks lied about his prior relationship with defendant). Finding Weeks to be less than honest in some of his testimony did not preclude the court from concluding, in view of all the facts before it, that defendant was also lying.
 
 
 9
 Moreover, there was sufficient additional evidence to support the district court's finding that defendant illegally possessed the firearm in connection with an attempted armed robbery. The court pointed to the fact that four people saw defendant approaching the building holding a gun. The companion carried a gorilla mask, which also suggested a plan to commit robbery. Several witnesses testified that defendant or his companion made demands such as "give it up," "everyone on the floor," "give up what you got" or "show me what you got." In addition, defendant, an admitted crack cocaine addict, was entering what he described as a crack house, with a loaded weapon. The semi-automatic weapon was fully loaded, with a round in the chamber and the safety off. The evidence was more than sufficient to support the district court's finding that defendant possessed the gun in connection with an attempted armed robbery. We will not disturb the sentence imposed on defendant.
 
 
 10
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record