103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael A. PEARSON, Petitioner-Appellant,
v.
David W. HELMAN, Respondent-Appellee.
 No. 96-1691.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 6, 1996.
Rehearing Denied Jan. 6, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In 1992, Michael Pearson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] While serving his eighty-four month sentence, Pearson completed a prison drug abuse treatment program. In November 1994, Congress enacted the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") which included a provision by which federal prisoners who successfully had completed a residential drug abuse treatment program could have their sentence reduced by up to one year if they were convicted of a nonviolent offense. 18 U.S.C. § 3621(e)(2).[2] After completing his drug abuse treatment program in December 1995, Pearson requested early release pursuant to the VCCLEA. Pearson's request was denied because the Bureau of Prisons ("BOP") had categorized possession of a firearm by a felon as a "crime of violence," thus making Pearson ineligible under the statute. After exhausting his administrative remedies, Pearson sought a writ of habeas corpus under 28 U.S.C. § 2241 challenging the BOP's characterization of possession of a firearm by a felon as a crime of violence and claiming that he wrongfully was denied early release as permitted under the VCCLEA. The district court denied his request, concluding that the BOP's determination that the possession of a firearm by Pearson was a violent offense was proper. Pearson appeals contending that possession of a firearm is not a crime of violence and that the district court erred in looking at the conduct underlying his offense in order to determine if he had committed a nonviolent offense for purposes of § 3621. We review the denial of a petition for habeas corpus de novo and all factual determinations for clear error. Barnard v. Henman, 89 F.3d 373, 376 (7th Cir.1996).
 
 
 2
 After the passage of the VCCLEA, the BOP promulgated regulations, called Program Statements, to implement the provisions of § 3621 in a uniform manner. Program Statement 5162.02 categorizes those crimes which are considered crimes of violence in all cases for purposes of § 3621(e)(2)(B). Possession of a firearm by a felon is included in the list and Pearson disputes this characterization. Rather than list which crimes are considered "nonviolent offenses," however, for purposes of § 3621, the BOP conversely has categorized certain offenses as "crimes of violence" and specifically refers to 18 U.S.C. § 924(c)(3) in its Program Statement as the "statutory definition" upon which it has based its categorizations.[3] Pearson does not dispute this categorization process, only the result, and therefore, we will assume for purposes of this case that it was appropriate for the BOP to define "nonviolent offense" in the converse.[4]
 
 
 3
 Pearson's main argument is that Stinson v. United States, 508 U.S. 36 (1993), dictates that the possession of a firearm by a felon is always a nonviolent offense. A careful evaluation of Stinson, however, demonstrates that the case does not require the result which Pearson argues. In Stinson, the Supreme Court considered the binding effect of the Sentencing Guidelines Commentary on the federal courts. The Court stated that, though imprecise, the Guidelines were analogous to legislative rules adopted by federal agencies and that an agency's interpretation of its own rules, here, the Commentary, will be given controlling weight unless it violates the Constitution or federal law or is inconsistent with the regulation. Stinson, 508 U.S. at 44. The Stinson Court stated that Amendment 433 to the Guidelines Commentary, stating that possession of a firearm is a nonviolent offense, was not contrary to federal law or inconsistent with the Guideline and concluded that "[f]ederal courts may not use the felon-in-possession offense as the predicate crime of violence for purposes of imposing the career offender provision of USSG § 4B1.1 as to those defendants to whom Amendment 433 applies." Id. at 47 (emphasis added).[5] The Supreme Court's holding stemmed from the deference owed to the Sentencing Commission's interpretation of its own regulation. Further, it limited its holding to the determination of what offenses are to be considered violent under the career offender enhancement for federal sentencing purposes. Alternatively, § 3621 is a discretionary sentence reduction mechanism which is implemented by the Bureau of Prisons, and the Bureau is in no way bound by the Commission's Commentary on its own regulations.
 
 
 4
 Pearson also argues that the district court erred in looking at the circumstances of Pearson's offense in determining that the possession of a firearm by Pearson was a "crime of violence." Our cases, however, support the district court's analysis of looking beyond the elements of the offense to the conduct in question. For example, prior to 1990, we had concluded that it was proper to review the conduct of the defendant at the time of the offense in determining whether possession of a firearm was a crime of violence pursuant to § 4B1.1, the Career Offender Guideline. United States v. Chapple, 942 F.2d 439, 443 (7th Cir.1991) (Posner, J., dissenting) (looking at the conduct underlying the offense to determine that the possession of a firearm by a felon was not a crime of violence in that case with the dissenting opinion agreeing that this circuit's approach is to "look at the facts of the case rather than trying to classify every crime as one of violence or not simply on the basis of the statutory elements of the crime" but noting that this approach may have been "cast into doubt" by Taylor v. United States )[6]; United States v. Alvarez, 914 F.2d 915, 918-19 (7th Cir.1990).[7] The Supreme Court's decision in Stinson, however, now prohibits this more detailed analysis for an enhancement under § 4B1.1 and requires us to look only to the "conduct expressly charged in the count of which a defendant was convicted." United States v. Lee, 22 F.3d 736, 738 (7th Cir.1994). Although Alvarez is no longer good law with respect to § 4B1.1 enhancements, it is instructive for purposes of determining whether the defendant's offense was a "nonviolent offense" for purposes of § 3621. See also Chapple, 942 F.2d at 441-42; United States v. McNeal, 900 F.2d 119, 122-23 (7th Cir.1990).
 
 
 5
 Even after Taylor v. United States, 495 U.S. 575 (1990), we have continued to note that Taylor "recognizes an exception to this categorical approach with regard to convictions for offenses which can be committed in various ways when some of those ways would be violent and others would not." United States v. Fife, 81 F.3d 62, 64 (7th Cir.1996) (stating that "a federal court, interpreting a statute like the Illinois armed violence law to see if it qualifies under § 924(e), should perform its task by looking beyond the name of the law."); see also United States v. Sebero, 45 F.3d 1075 (7th Cir.1995) (affirming the district court's review of the presentence report in ascertaining whether the defendant's crime was burglary of a dwelling in order to determine that the offense was a "crime of violence" for purposes of the career offender enhancement under the § 4B1.1); United States v. Ward, 71 F.3d 262 (7th Cir.1995) (distinguishing Taylor and stating that while the core of the offense of burglary was reasonably stable, "[t]he offense of unlawful possession of a dangerous weapon has no stable core ... [because] the offense can be committed by conduct that varies from the trivial to the grave."). The district court did not err in analyzing the conduct underlying Pearson's offense and its decision is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pearson's direct appeal based on the sufficiency of the evidence failed, United States v. Pearson, 1993 WL 394818 (7th Cir.1993) (unpublished) as did his Motion to Vacate pursuant to § 2255. Pearson v. United States, 91 F.3d 146 (7th Cir.1996) (unpublished)
 
 
 [2]
 18 U.S.C. § 3621(e)(2)(b) states:
 Period of Custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.
 
 
 [3]
 18 U.S.C. § 924(c)(3) states:
 The term "crime of violence" means an offense that is a felony and--
 (A) has as an element the use, attempted use, or threatened use of physical force against the person or property, or
 (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 [4]
 Whether "crime of violence" and "nonviolent offense" are mutually exclusive terms was discussed in United States v. Poff, 926 F.2d 588, 592-594 (7th Cir.1991) (majority and dissenting opinions)
 
 
 [5]
 In addition, the Supreme Court made two important observations in Stinson. It noted that "Amendment 433 was contrary to a substantial body of Circuit precedent holding that the felon-in-possession offense constituted a crime of violence in at least certain circumstances." Stinson, 508 U.S. 36, 39 n. 11 (citations omitted). The Supreme Court also recognized that "the exclusion of the felon-in-possession offense from the definition of 'crime of violence' may not be compelled by the guideline text." Id. at 47
 
 
 [6]
 In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court held that for purposes of applying the career offender statute, whether a defendant had previously committed a "burglary" was to be decided from the fact of conviction and the statutory elements of the crime. 495 U.S. at 602
 
 
 [7]
 See also United States v. Walker, 930 F.2d 789, 793-95 (10th Cir.1991) (firing of gun by defendant properly led to determination that possession of firearm was a crime of violence for career offender status under the Sentencing Guidelines); United States v. Cornelius, 931 F.2d 490, 492-93 (8th Cir.1991) (defendant charged with possession of a firearm who entered home without permission with sawed-off shotgun after threatening conversation was correctly found to have committed crime of violence); United States v. Goodman, 914 F.2d 696, 698-99 (5th Cir.1990) (defendant charged with possession of a firearm who was intoxicated and agitated and returned to scene with a weapon was properly found to have committed crime of violence); United States v. O'Neal, 937 F.2d 1369, 1374-75 (9th Cir.1990) (being a felon in possession of a firearm is "by its nature" a crime of violence); United States v. Williams, 892 F.2d 296, 304 (3d Cir.1989), cert. denied, 496 U.S. 939, 110 S.Ct. 3221, 10 L.Ed.2d 668 (1990) (defendant who was charged with possession of a firearm who fired gun was correctly found to have committed crime of violence)