The UNITED STATES of America, Plaintiff-Appellee,

v.

John Eugene KNIESS, Defendant-Appellant, No. 12104.

United States Court of Appeals Seventh Circuit. Jan. 17, 1958.

John Eugene Kniess, in pro. per.

George E. Rapp, U. S. Atty., Dudley H. Davis, Jr., Asst. U. S. Atty., Madison, Wis., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

PER CURIAM.

A criminal information containing two counts was filed against defendant in the United States District Court for the Eastern District of Texas. Count I charged him with forcibly breaking into the United States Post Office at Wells, Texas. Count II charged defendant with stealing postal cards and stamps having a value in excess of $100.00. The case was transferred to the United States District Court for the Western District of Wisconsin pursuant to Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. On August 30, 1956, defendant entered a plea of guilty to both counts, and he was committed to the custody of the Attorney General for a total period of four years.

A criminal information containing ten counts was filed against defendant in the United States District Court for Colorado. Eight of the counts charged defendant with forging United States postal money orders, and two counts with the passing of forged money orders. These charges were likewise transferred to the United States District Court for the Western District of Wisconsin, and defendant entered a plea of guilty as to all ten counts. Defendant was sentenced to the custody of the Attorney General for three years on each count, the sentences to run concurrently, and also to be concurrent with the sentence imposed on Count I of the information originally filed in Texas.

Defendant filed with the United States District Court for the Western District of Wisconsin a paper entitled "Petition for the Writ of Habeas Corpus Ad Testificandum and Motion for Issuance of Quo Warranto Mandamus and Restraint Order. Warden Chesley H. Looney of the United States Penitentiary at Leavenworth, Kansas, and two others, were named respondents, but apparently the pleading was not served upon any of them. The District Judge of the Western District of Wisconsin dismissed the petition without hearing. Defendant was permitted to appeal to this Court *in forma pauperis*. Inasmuch as the defendant could not be personally present at the oral argument of his case in this Court, the Government waived oral argument, and the matter was submitted upon the briefs.

In his supplemental brief filed in this Court defendant states that he does not raise any question as to the validity of his sentence. An examination of the petition discloses that defendant is complaining of his treatment in the federal penitentiary where he is confined, and objects primarily to the curtailment of mailing privileges.

The federal courts, under all ordinary circumstances, do not have any jurisdiction to inquire into the care, custody and discipline of prisoners. A quotation from an opinion of this Court in United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107, seems pertinent: " 'We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in peniten-

tiaries, * * *' Stroud v. Swope, 9 Cir., 187 F.2d 850, 851. A prisoner may not approve of prison rules and regulations, but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his activities are in violation of his constitutional rights."

Although the defendant specifically asked for the issuance of a Writ of Habeas Corpus Ad Testificandum, we shall give his petition the broadest possible interpretation, and consider it as a petition for a Writ of Habeas Corpus. It is clear that the District Court of the Western District of Wisconsin has no jurisdiction to consider the petition.

We think the District Judge was correct in dismissing the petition.

Affirmed.