**Billie Austin X. (BRYANT), Petitioner-Appellant,**

v.

**Charles E. HARRIS, Warden, et al., Respondents-Appellees.**

**Byron F. KALAMA, Petitioner-Appellant,**

v.

**Charles E. HARRIS, Warden, et al., Respondents-Appellees.**

**David Lee X (WARREN), Petitioner-Appellant,**

v.

**G. W. PICKETT, Warden, et al., Respondents-Appellees.**

Nos. 71–1322, 71–1323, and 71–1910.

United States Court of Appeals, Seventh Circuit.

Argued May 24, 1972.

Decided July 26, 1972.

As Amended Aug. 4, 1972.

Jerold S. Solovy, and Alan L. Metz, Chicago, Ill., for petitioners-appellants; Jenner & Block, Chicago, Ill., of counsel.

Henry A. Schwarz, U. S. Atty., and Jack A. Strellis, Asst. U. S. Atty., St.

Louis, Ill., Eugene, B. Culberson, Asst. U. S. Atty., Danville, Ill., respondents-appellees.

Before CLARK,[1] Associate Justice, KNOCH, Senior Circuit Judge and KILEY, Circuit Judge.

KILEY, Circuit Judge.

The district court dismissed without a show cause order or hearing the pro se habeas petitions in these three cases. We reverse and remand for further proceedings.

The habeas petitions[2] are virtually the same. They generally allege that petitioners' prolonged solitary confinements in the Marion Federal Penitentiary violate their First Amendment rights because they are denied, under racial discrimination, the exercise of their rights to religious worship; and that their prolonged solitary confinements are in violation of their Eighth Amendment rights against cruel and inhuman punishment.

The district court dismissed the petitions on two grounds: that habeas relief could not be granted because to grant the relief would interfere with the internal government of the prison; and, alternatively, that if the petitions were taken as being for mandamus, the allegations did not present "exceptional cases" warranting relief. Furthermore, as to Warren, the district court held that he was properly subjected to some curtailment of the free exercise of religious beliefs, and that during segregation "all inmates are denied the right to attend religious services no matter what their belief may be."

## I.

Respondents argue that the allegations in the petitions are mere conclusions and are insufficient to require a show cause order or an evidentiary hearing.

Taken as true, the allegations are substantially that—when the petitions were filed—Bryant had been in solitary confinement for 125 days, Kalama for 230 days, and Warren for about a month.[3] There are appended to respondents' brief a Bureau "Policy Statement" on privileges of segregated prisoners, and also prison misconduct records pertaining to Warren and Kalama. No permission was given by this court for submitting the appended materials which could have been presented to the district court by response to a show cause order, had one been ordered. We have nevertheless looked at the appendages and we think in some respects they may give support to the general allegations in the petitions, e. g., Kalama's prolonged solitary confinement for possession of a knife, and Warren's "continuing" solitary confinement. Moreover, the Bureau Policy Statement appended makes no specific provision for bringing religious services to segregated prisoners.

■■ We point out that the district court did not base the dismissal of the petitions on the ground that the allegations of constitutional deprivation were insufficient. The court properly considered the petitions sufficient, since they are pro se and accordingly subject to a "less stringent" standard. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We see no merit in respondents' argument.

## II.

■ We cannot say that "beyond doubt . . . [petitioners] can prove no set of facts in support of [their] claims which would entitle [them] to relief." *Haines, supra,* at 521, 92 S.Ct. at

1. Honorable Tom C. Clark, Associate Justice, Supreme Court of the United States, Retired, sitting by designation.

2. Warren's original petition challenging his solitary confinement was dismissed as a mere challenge to the administration of the prison. He did not appeal. Subsequently he filed a petition substantially the same as those of Bryant and Kalama. His appeal from the decision dismissing that habeas petition is before us.

3. However, an appendix to respondents' brief contains a letter from the Bureau of Prisons dated January 27, 1972, stating that Warren's solitary confinement is "continuing."

596. We hold therefore that the district court erred in dismissing the petitions without a hearing, because if the three petitioners prove what they allege, relief is available to them. Johnson v. Avery, 393 U.S. 483, 484, 89 S.Ct. 747, 21 L. Ed.2d 718 (1969); Hudson v. Hardy, 134 U.S.App.D.C. 44, 412 F.2d 1091 (1968), decision on rehearing, 137 U.S. App.D.C. 366, 424 F.2d 854, 855 n. 3 (1970); Wainwright v. Coonts, 409 F.2d 1337 (5th Cir. 1969); see Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); see also Haines, supra; Cooper v. Pate, 382 F.2d 518, 521 (7th Cir. 1967).

We do not think that this court's pre-*Avery* decisions in United States v. Kniess, 251 F.2d 669 (7th Cir. 1958), and United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), squarely decided that in no case could a prisoner obtain relief from alleged arbitrary solitary confinement which denied him religious freedom. There is ambiguous dictum in *Kniess* to the effect that habeas relief is ordinarily unavailable in federal courts even if prison restriction violated a prisoner's constitutional rights. There was no claim in *Kniess* of denial of such rights. And in *Knight* the court in dictum stated that habeas corpus could not be used in federal courts to obtain a mandatory injunction against state prison officials who allegedly placed a state prisoner in solitary confinement arbitrarily.

The decisions in *Kniess* and *Knight* do not militate against our opinion here. We need only point out that the dicta in them has no vitality since Johnson v. Avery and Haines v. Kerner.

We vacate the judgments of the district court and remand for further proceedings including an order[4] for respondents to show cause, and for appointment by the district court[5] of counsel for petitioners.

---

4. During the evidentiary hearing hereinafter directed, respondents may be able to show that suitable alternative, Johnson v. Avery, *supra*, 393 U.S. at 488, 89 S.Ct. 747, to attendance at religious services is available to solitary confinement prisoners. The Policy Statement appended to respondents' brief does not provide for such an alternative.

5. Attorney Alan J. Metz of Chicago, Illinois, appointed by this court to represent petitioners on appeal, informed this court during oral argument that if appointed by the district court he would be willing to represent petitioners in the proceedings there on remand.