Keith X. FARRIES, Petitioner-Appellant,

v.

UNITED STATES BOARD OF PAROLE, Respondent-Appellee.

No. 72–1311.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1973.

Decided Aug. 10, 1973.

---

Stanley A. Bass, New York City, for petitioner-appellant.

Michael L. Levinson, Asst. U. S. Atty., Danville, Ill., Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., for respondent-appellee.

Before PELL and SPRECHER, Circuit Judges, and CAMPBELL,* Senior District Judge.

WILLIAM J. CAMPBELL, Senior District Judge.

The plaintiff, an inmate of the United States Penitentiary at Marion, Illinois filed this action *pro se*, challenging the legality of the Parole Board's unexplained and allegedly discriminatory denial of plaintiff's application for parole. A writ of mandamus was sought against the United States Board of Parole. On March 1, 1972, the district court granted leave to file the petition *in forma pauperis*, and in the same order, summarily dismissed the petition without having held an evidentiary hearing and without having called for a response from the government. We reverse and remand for further proceedings.

Although inartfully drawn, the complaint or petition charged that the plaintiff's procedural constitutional rights had been violated when the Parole Board denied his application without a hearing or a statement of reasons for the denial. The complaint also claimed that the Parole Board's denial was motivated by religious prejudice.

██ Recent decisions of the Supreme Court of the United States and of this Circuit have greatly restricted the circumstances in which prisoner petitions may be summarily dismissed. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Bryant v. Harris, 465 F.2d 365 (7th Cir. 1972). The sufficiency of a *pro se* prisoner petition is to be judged by a "less stringent" standard, and accordingly such petitions are not subject to summary dismissal unless it appears beyond doubt that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim.

██ Parole Boards, of course, enjoy a broad range of discretion in determining whether to grant or deny an application for parole, and it has therefore been held that a prisoner need not be accorded a hearing on his application or provided with a statement of reasons for the Board's actions. See Menechino v. Oswald, 430 F.2d 403 (2d Cir. 1970), cert. denied 400 U.S. 1023, 91 S.Ct. 588, 27 L.Ed.2d 635 (1971). It seems equally true, however, that a prisoner may not discriminatorily be denied parole on account of religious prejudice. Cooper v. Pate, 382 F.2d 518, 521 (7th Cir. 1967). Although the plaintiff may ultimately be unable to prevail on the merits of his claim, *Haines* and *Bryant* require that this case be reversed and remanded for further proceedings.

Upon remand, the district court has several alternatives available to it short of granting a full evidentiary hearing. Counsel might be appointed to assist the prisoner in the presentation of his claim. See Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). A dismissal without prejudice would provide a prisoner with an opportunity to correct technical deficiencies in his complaint. See Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (Frankfurter, J., concurring). Too, the court may wish to utilize a Magistrate to screen prisoner petitions. See United States v. Simpson, 141 U.S.App.D.C. 8, 436 F.2d 162, 167 (1970). The court could also request the prisoner to amplify his complaint by providing more specific facts and details. See United States v. Simpson, *supra* at 166; Raines v. United

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

States, 423 F.2d 526, 529–530 (4th Cir. 1970). Of course, the simple expedient of ordering a response from the government is always available to the district court. Raines v. United States, *supra* at 529. Our intention in noting these alternatives is not to restrict the discretion of the district court, but only to call attention to procedures that have been employed successfully in other courts. The selection of which procedure best suits a particular case is left to the district court.

For the reasons stated, the district court's order of summary dismissal is reversed and the cause is remanded for further proceedings consistent herewith.