983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harry McNEAL, also known as Major Thompson, also known as
Robert Lee, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3171.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Harry McNeal was arrested after speeding away in a car from an area where two shots had been fired. He was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and this conviction was affirmed on appeal. United States v. McNeal, 900 F.2d 119 (7th Cir.1990). McNeal then moved under 28 U.S.C. § 2255 to vacate his conviction. Without requiring the government to respond, the district court dismissed McNeal's motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings. McNeal appeals, raising these issues: (1) whether the district court erred at trial by failing to give him his Rule 11 warnings after he stipulated to 2 of the 3 elements of the offense with which he was charged, (2) whether his trial counsel rendered ineffective assistance by failing to investigate a witness who could have offered potentially exculpatory testimony, and (3) whether the court should have required the government to respond before dismissing his motion.
 
 I.
 
 2
 McNeal signed a stipulation before trial in which he agreed that he had been previously convicted of a crime punishable by a term of imprisonment greater than one year, and that, if called to testify, a representative of Smith & Wesson would testify that the gun found in the car McNeal was driving had been shipped in interstate commerce. Appellant's Br. 4; Reply Br. 3. McNeal argues that this stipulation amounted to a guilty plea, thus requiring the district court to advise him of his rights according to Federal Rule of Criminal Procedure 11.
 
 
 3
 We agree with the district court that by failing to raise this issue on direct appeal, McNeal has procedurally defaulted on it. He cannot raise it now unless he can demonstrate cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982). He does not attempt to make such a showing.
 
 
 4
 Yet even if, through a very liberal construction of his brief, we determined that McNeal argues that he could not be expected to raise the Rule 11 argument on direct appeal because it would call into question the effectiveness of his trial counsel (one of whom also served as his appellate counsel), then we find no prejudice. McNeal's whole argument rests on the mistaken notion that the stipulation amounted to a guilty plea. The elements of the crime of being a felon in possession of a firearm are threefold: (1) previous conviction of a felony, (2) knowing possession of a firearm, and (3) the possession was in or affected interstate commerce. McNeal, 900 F.2d at 121. McNeal does not claim that the stipulation had anything to say about the second element: knowing possession of a firearm. Since that element was left unresolved, there was no guilty plea.
 
 
 5
 McNeal relies on United States v. Brown, 428 F.2d 1100 (7th Cir.1970) (per curiam). In Brown, the defense stipulated to all the elements of the crime, leaving open only the question of the defendant's sanity. Id. at 1102-03. The court determined that procedures of Rule 11 were required. Brown differs from this case because McNeal's clearly did not stipulate to every element of the offense with which he was charged. Hence, the district court was correct in not furnishing McNeal with Rule 11's safeguards.
 
 II.
 
 6
 McNeal claims that his trial counsel rendered ineffective assistance because they failed to investigate a potentially exculpatory witness--one of McNeal's friends, Steve Corral.[1] According to McNeal, he told his attorneys that he borrowed the car from Corral. He also claims that Corral would have testified that the car was his (Corral's) and that he did not tell McNeal about the gun under the front seat, which the arresting officer found. The district court found that McNeal had procedurally defaulted on this claim because he had not raised it on direct appeal. The court further found that McNeal had not demonstrated either cause for this failure or resulting prejudice.
 
 
 7
 We disagree with the district court that McNeal procedurally defaulted on his ineffective assistance of counsel claim. True, he did not raise it on appeal, but as McNeal argues, he was not required to do so because his appellate counsel also served as one of his attorneys at trial.[2] Appellant Br. 5-6. It is not reasonable to expect counsel to question his or her own effectiveness. Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991). We therefore address the merits of McNeal's Sixth Amendment claim.
 
 
 8
 An attorney's performance fails to meet the requirements of the Sixth Amendment where (1) his performance falls below an objective standard of reasonableness, and (2) this deficient performance prejudices the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Even assuming that McNeal's attorneys' performance was deficient (an issue we do not decide), we conclude that his defense did not suffer sufficient prejudice to warrant finding a Sixth Amendment violation.
 
 
 9
 We will find "prejudice" where there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88, 694. In this case, even if McNeal's attorneys had put Corral on the stand and Corral testified as McNeal assures us he would, we do not believe that there is a reasonable probability that the outcome of the proceeding would have been different. Corral was not an eyewitness to the incident. All he could say was that he did not tell McNeal about the gun under the seat when he lent McNeal the car. Assuming that to be true, there is substantial evidence that McNeal somehow discovered the gun and used it. The arresting officer heard two shots; he then saw bystanders duck and point in the direction from which McNeal was coming. One of the bystanders pointed at the car McNeal was driving as the car turned onto the street where the officer's car was parked. After pulling McNeal over and finding the gun, the officer noticed that the gun smelled as if it had just been fired. He also found three live cartridges and two expended cartridges. McNeal, 900 F.2d at 120. In light of this evidence, we cannot say that there is a reasonable probability that the result of the proceeding would have been different had McNeal's attorneys secured Corral's testimony. Finding no prejudice, we conclude that there was no Sixth Amendment violation.
 
 III.
 
 10
 McNeal also argues that the district court erred by failing to require the government to respond to his motion before dismissing it. The district court's decision to dismiss summarily a motion under § 2255 is reviewed for abuse of discretion. United States v. Day, 969 F.2d 39, 41-42 (3d Cir.1992); Rules Governing Section 2255 Proceedings, Rule 4, Advisory Committee Note ("The judge has discretion to require an answer or other appropriate response from the United States Attorney.").[3]
 
 
 11
 The district court is authorized to dismiss summarily a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings. As the preceding discussion makes clear, McNeal plainly did not have any viable claims. Therefore, the district court did not abuse its discretion in summarily dismissing his § 2255 motion.
 
 IV.
 
 12
 For the foregoing reasons, the judgment of the district court denying McNeal's § 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 McNeal does not argue on appeal that his attorneys at trial were ineffective based on the stipulation they worked out with the government
 
 
 [2]
 Deborah J. Gubin served as both appellate counsel and trial counsel. See McNeal, 900 F.2d at 120 (listing Gubin as McNeal's counsel on appeal); Section 2255 Motion, at 6 (listing Gubin as counsel throughout district court proceedings)
 
 
 [3]
 McNeal claims that the district court can dismiss a pro se § 2255 motion only where "it appears beyond doubt that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of his claim." Appellant Br. 5. He cites Haines v. Kerner, 404 U.S. 519 (1972); Farries v. United States Board of Parole, 484 F.2d 948 (7th Cir.1973); and Bryant v. Harris, 465 F.2d 365 (7th Cir.1972), in support of this position. These cases do not deal with the precise situation we face in this case: summary dismissal under Rule 4(b). As for Raines v. United States, 423 F.2d 526 (4th Cir.1970), although cautioning against summary dismissal, the court actually affirmed the district court's decision summarily dismissing the petitioners' § 2255 motions