FILED IN
COURT OF CRIMINAL APPEALS

March 13, 2015

ABEL ACOSTA, CLERK

WR-82,437-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/13/2015 9:25:28 AM
Accepted 3/13/2015 9:54:30 AM
ABEL ACOSTA
CLERK

# No. WR-82,437-01

---

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

---

## EX PARTE SHERRON DONDRIEL PHILLIPS, Applicant.

---

On Application for a Writ of Habeas Corpus
Cause No. CR-566-12-D(1), In the 206th District Court
From Hidalgo County

---

## BRIEF FOR THE TEXAS BOARD OF PARDONS AND PAROLES

---

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney GeneralCriminal
Division

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Lead Appellate Counsel

*JOSEPH P. CORCORAN
Assistant Attorney General
Supervising Attorney
for Non-Capital Appeals
Appeals

State Bar No. 00793549

Joseph.Corcoran@TexasAttorneyGeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1400
Facsimile: (512) 936-1280

---

ATTORNEYS FOR THE
TEXAS BOARD OF PARDONS AND PAROLES

## IDENTITY OF PARTIES AND COUNSEL

To assist this Honorable Court in determining disqualification and recusal, the Board of Pardons and Paroles certifies the following is a complete list of the parties and their attorneys in accordance with Texas Rule of Appellate Procedure 38.1(a).

1.    **Applicant**
      SHERRON DONDRIEL PHILLIPS
      TDCJ-CID No. 1926973

2.    **Counsel for Applicant**
      ALFREDO MORALES JR.
      Texas Bar Number 14417290
      700 S. 25 1/2 St. E.
      Mcallen, TX  78501

3.    **Counsel for Applicant at trial**
      TORIBIO "TERRY" PALACIOS
      (Deferred adjudication proceeding)
      Texas Bar Number 15423050
      1805 E Russell
      Edinburg, TX  78539

      MICHAEL TUTTLE
      (Guilty plea proceeding)
      Texas Bar Number 24037620
      PO Box 4450
      Edinburg, TX  78540

4.    **Counsel for the State**
GLENN DEVINO
(This proceeding)
Assistant District Attorney
Texas Bar Number 24012525
100 N. Closer
Edinburg, Texas 78539

JOAQUIN J. ZAMORA
(Both the deferred adjudication and guilty plea proceeding)
Texas Bar Number 24003229
Hidalgo County Courthouse
100 North Closner, Rm. 303
Edinburg, TX  78539

5.    **Counsel for the Board of Pardons and Parole**
JOSEPH P. CORCORAN
Assistant Attorney General
Texas Bar Number 00793549
P. O. Box 12548, Capitol Station
Austin, Texas  78711
Tel.: (512) 936-1400
Fax: (512) 936-1280

6.    **Trial Court Judge**
ROSE GUERRA REYNA
(Both the state habeas proceeding and adjudication proceeding)

G. JAIME GARZA
(Guilty plea proceeding)

# TABLE OF CONTENTS

                                                                          Page

IDENTITY OF PARTIES AND COUNSEL .............................................ii

TABLE OF CONTENTS ...........................................................iv

INDEX OF AUTHORITIES .......................................................vii

STATEMENT OF THE CASE ........................................................1

STATEMENT REGARDING ORAL ARGUMENT ...........................................2

STATEMENT OF THE ISSUES .....................................................3

SUMMARY OF THE ARGUMENTS ....................................................4

ARGUMENT ....................................................................5

I.    Because Applicant's Legal Claim Does Not Advance a
      Cognizable Liberty Interest, Article 11.07 is Unavailable to
      Advance That Claim...................................................5

      A.    To the extent that Applicant is asking this Court
            to review the Board's decision to deny him parole,
            Article 11.07 does not provide a remedy because
            the decision is not a proper subject of judicial
            review .......................................................6

      B.    To the extent that Applicant is asking this Court
            to determine whether § 508.1411 creates a liberty
            interest, Applicant's contention is reviewable by
            this Court under Article 11.07 as a matter of first
            impression. .................................................10

# TABLE OF CONTENTS, Continued

C. The language of § 508.1411 does not create a liberty interest in parole ................................................. 12

D. Where, as here, no liberty interest is implicated by statute, and hence, no due-process rights are created by statute, a prisoner is not entitled to a written statement of the reasons for denial of parole ................................................................ 16

E. Since Applicant's claims do not implicate due process protections, they do not advance a cognizable basis for habeas relief, and Article 11.07 is not available going forward to challenge the written reasons of the Board to deny simple parole ................................................................ 18

II. Because § 508.1411 Does Not Create an Independent, Freestanding Liberty Interest, a Prisoner Is Not Constitutionally Entitled to a Written Statement of the Reasons for Denial of Parole; Hence, There Can Be No Due Process Violation Whether or Not the Board's Reasons for That Denial Comport With § 508.1411 ......................... 19

III. An Application for a Writ of Mandamus Is Not the Proper Remedy for Applicant's Claim ................................. 20

A. The Court does not have jurisdiction to issue the writ of mandamus in this circumstance ......................... 20

B. Alternatively, mandamus is wholly inappropriate; Applicant has an adequate remedy at law ......................... 23

PRAYER FOR RELIEF ................................................................ 26

## TABLE OF CONTENTS, Continued

CERTIFICATE OF SERVICE .............................................................. 27

CERTIFICATE OF COMPLIANCE WITH TEXAS RULE OF
APPELLATE PROCEDURE 9.4 ....................................................... 28

# INDEX OF AUTHORITIES

## Cases

*Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481 (Tex. Crim. App. 1995)......................................................5

*Board of Pardons v. Allen*, 482 U.S. 369 (1987) .....................................13

*Braxton v. Dunn*, 803 S.W.2d 318 (Tex. Crim. App. 1991) ....................23

*Connecticut Bd. Pardons v. Dumschat*, 452 U.S. 458 (1981) .................13

*Dickens v. Court of Appeals*, 727 S.W.2d 542 (Tex. Crim. App. 1987) ..21

*Ex parte Davis*, 947 S.W.2d 216 (Tex. Crim. App. 1997) .......................20

*Ex parte Geiken*, 28 S.W.3d 553 (Tex. Crim. App. 2000) ............... passim

*Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999) .....................20

*Ex Parte Hallmark*, 883 S.W.2d 672 (Tex. Crim. App. 1994) ..................8

*Ex parte McCain*, 67 S.W.3d 204 (Tex. Crim. App. 2002) ......................11

*Ex parte McLain*, 869 S.W.2d 349 (Tex. Crim. App. 1994) ....................10

*Ex parte Montgomery*, 894 S.W.2d 324 (Tex. Crim. App. 1995) 12, 13, 16

*Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988)....................18

*Ex parte Retzlaff*, 135 S.W.3d 45 (Tex. Crim. App. 2004)......................14

*Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006) .........................11

*Ex parte Ruiz*, 750 S.W.2d 217 (Tex. Crim. App. 1988) ...........................9

*Ex parte Rutledge*, 741 S.W.2d 460 (Tex. Crim. App. 1987) ....................8

*Ex parte Thompson*, 173 S.W.3d 458 (Tex. Crim. App. 2005).................6

*Fabries v. U.S. Bd. of Parole*, 484 F.2d 948 (7th Cir. 1973) ..................17

*Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1 (1979) .............................................................................. 9, 12, 16, 17

*Kentucky Dep't Corr. v. Thompson*, 490 U.S. 454 (1989).......................12

*Peck v. Battey*, 721 F.2d 1157 (8th Cir. 1983).......................................17

*Robinson v. State*, 783 S.W.2d 648 (Tex. App.—Dallas 1989) .................7

*Smith v. Flack*, 728 S.W.2d 784 (Tex. Crim. App. 1987)...... 21, 22, 23, 25

*State ex rel. Curry v. Gray*, 726 S.W.2d 125 (Tex. Crim. App. 1987) ....23

*State ex rel. Millsap v. Lozano*, 692 S.W.2d 470 (Tex. Crim. App. 1985) ..........................................................................................................20

*State ex rel. Wade v. Mays*, 689 S.W.2d 893 (Tex. Crim. App. 1985) ....21

*State v. Klein*, 224 S.W.2d 250 (Tex. Crim. App. 1949) .........................20

Tex. Gov't Code § 508.144 ....................................................................16

## Statutes

Act of May 26, 2013, 83rd Leg., R.S., ch. 1154, § 14, 2013 Tex. Sess. Law

Serv. ch. 1154 .......................................................................................7

Tex. Code Crim. Proc. art. 4.04 ..............................................................21

Tex. Gov't Code § 22.002 .......................................................................22

Tex. Gov't Code § 508.001(6) ...................................................................1

Tex. Gov't Code § 508.0441 .....................................................................7

Tex. Gov't Code § 508.1411 ................................................................7, 15

Tex. Gov't Code § 508.145(f)....................................................................6

Tex. Gov't Code § 508.149(d)...................................................................9

## Regulations

37 Tex. Admin. Code § 145.17..................................................... 18, 23, 24

37 Tex. Admin. Code § 145.6....................................................................7

## STATEMENT OF THE CASE

Applicant was convicted of possession of marihuana and sentenced to forty-two months' imprisonment. SHCR at 47–50.[1] He did not appeal his conviction. *See* Order at 1, *Ex parte Phillips*, No. WR-82,437-01 (Tex. Crim. App. Dec. 17, 2014) (per curiam) ("Order"). As relevant here, on or about August 1, 2014, the Board of Pardons and Paroles ("Board") conducted a simple parole review[2] and decided not to grant Applicant his release under the Texas parole statute. Order at 1. As part of this process, the Board provided Applicant with written notice describing the reasons for its denial. SHCR at 9. Applicant filed a habeas application pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, in which he contended that the Board's written notice of its denial decision violated the Due Process Clause. Order at 1; SHCR at 7–8.

---

[1] "SHCR" refers to the clerk's record for this state habeas application, numbered WR-82,437-01. The Board will use the following format: "SHCR at [page]."

[2] The Board will use the terms "simple parole" or alternatively "parole" to refer to "the *discretionary* and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6) (West 2011) (emphasis added).

1

The state habeas trial court entered proposed findings of fact and conclusions of law and recommended that Applicant's application be denied. SHCR at 52–55. The clerk of the trial court then transmitted the application to this Court. The Court ordered that this application be filed and set for submission to determine the following three questions:

(1) whether an applicant who contends that under § 508.1411 the [Board's] written notice violates the Due Process Clause of the United States Constitution has an adequate remedy on habeas when there is not a presumption of release to parole;

(2) assuming for the sake of argument that an applicant does have an adequate remedy on habeas, whether § 508.1411 implicates due process and the written notice provided by the [Board] satisfies due process; and

(3) whether an application for a writ of mandamus is the proper remedy for such claims.

Order at 1–2 (citations omitted). The Court also invited the Board to submit a brief to assist the Court in resolving the three issues. Order at 2.

## STATEMENT REGARDING ORAL ARGUMENT

The Board respectfully submits that the primary legal questions raised in this appeal are adequately presented in the briefs and record,

2

and that the decisional process on this point would not be significantly aided by oral argument.

## STATEMENT OF THE ISSUES

Unhappy with the Board's decision to deny him parole, Applicant filed an Article 11.07 habeas application in which he contended that the Board's written notice of its denial decision violated the Due Process Clause. SHCR at 7–8. While Applicant suggests the existence of a due process violation, he does not contend that the Board violated the statutory requirements in Section 508.1411 of the Texas Government Code when it provided its written reasons for denying parole. *See* SHCR at 7–8. Nor does Applicant contend that any of the reasons provided in the Board's denial notice constituted a violation of the Board's rules or were factually or legally *erroneous*. *See id.* Rather, Applicant's sole contention is that the Board did not provide him "with adequate/sufficient information supporting . . . [its] denial of parole[,]" and that this purported failing constituted a violation of his constitutional right to due process. SHCR at 8.

3

## SUMMARY OF THE ARGUMENT

The first and second questions posed by the Court are intertwined. The first asks whether Applicant's particular due process claim is cognizable under Article 11.07; the second assumes that it is, and then asks whether Applicant might be able to establish that due process violation. To answer the first question, however, requires a partial answer to the second, *i.e.*, if due process is not implicated by either § 508.1411 or the Board's written notice denying parole, then under this Court's precedent, Applicant's claim is not cognizable under Article 11.07. The answer to the second question, therefore, will partially answer the first.

This does not mean, however, that Applicant's *present* application cannot be resolved by this Court under Article 11.07. Even if the Court finally holds that claims like Applicant's—ones that merely challenge the sufficiency of the Board's written reasons to deny simple parole—are not cognizable in state habeas, this does not mean the Court is without authority to make such a determination pursuant to Article 11.07, as a matter of first impression in *this* case.

As the Board will demonstrate below, there is good reason that this proceeding should not be cognizable under Article 11.07. Applicant's effort to turn a simple parole denial into an adversarial judicial proceeding to test the "adequacy" of the Board's written reasons in denying parole is not supported by either Texas law or the Constitution. The Court should therefore use this opportunity to confirm that § 508.1411 did nothing to change discretionary nature of parole denial in Texas.

## ARGUMENT

### I. Because Applicant's Legal Claim Does Not Advance a Cognizable Liberty Interest, Article 11.07 is Unavailable to Advance That Claim.

Before addressing the specifics of Applicant's claim, the Board first acknowledges that complaints related to parole are not always beyond the scope of Article 11.07. "Parole is a form of restraint which allows an applicant to pursue the remedies afforded under Article 11.07." *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). "A claim that parole or other form of administrative release has been unlawfully revoked must be brought to

5

the attention of the convicting court under Article 11.07." *Id.* But, as the Board will establish below, Applicant's particular parole complaint cannot be brought under Article 11.07.

> ### A. To the extent that Applicant is asking this Court to review the Board's decision to deny him parole, Article 11.07 does not provide a remedy because the decision is not a proper subject of judicial review.

The parole statute in effect when the holding offense is committed determines an inmate's parole-release eligibility. *Ex parte Thompson,* 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). As relevant here, Applicant's holding offense was committed on October 7, 2011. SHCR at 28. Thus, an inmate like Applicant, who is not serving a sentence for one of several disqualifying convictions, is eligible for release to parole "when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less." Tex. Gov't Code § 508.145(f) (West 2011). Once an inmate reaches that point, he is only *eligible* for release to parole because § 508.145(f) does not mandate that the inmate be released. Rather, when the inmate accrues sufficient time-served credit under the statute, the Board determines—with near

6

absolute discretion—whether to grant or deny parole. *See* Tex. Gov't Code § 508.0441(a) (West 2011.).

Effective September 1, 2013, the Legislature directed the Board to provide inmates like Applicant with a written statement containing the reasons for the Board's decision not to release him to parole. *See* Act of May 26, 2013, 83rd Leg., R.S., ch. 1154, § 14, 2013 Tex. Sess. Law Serv. ch. 1154 (West) (codified at Tex. Gov't Code § 508.1411). The Board's administrative regulations require the same.[3] *See* 37 Tex. Admin. Code § 145.6 (2014) (Tex. Bd. Pardons and Parole). The Board complied with its legal obligations when it provided Applicant with written notification of the reasons it denied parole. SHCR at 9. Applicant, however, is not pleased with the reasons given by the Board in support of its decision to

---

[3] Moreover, pursuant to the Board's published policies and directives, it was providing such notification *before* the 2013 change in the law. *E.g.*, *Texas Board of Pardons and Paroles, Board Polices and Directives*, BPP-DIR. 08-03.08, <http://www.tdcj.state.tx.us/bpp/policies_directives/policies_directives.html> (last visited March 9, 2015) (showing that pursuant to a March 21, 2008 Board Directive, inmates received written notice of the reasons for a parole panel denial). Although the Board's historic policy in this regard is not outcome determinative to this appeal, the Board cites it to demonstrate that § 508.1411 did not actually change the Board's practice. *See Robinson v. State*, 783 S.W.2d 648, 652–53 (Tex. App.—Dallas 1989), *aff'd and opinion adopted*, 841 S.W.2d 392 (Tex. Crim. App. 1992) (outlining the circumstances in which an appellate court can take judicial notice of facts like the Board's executive policy, if they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

deny him parole; he considers them constitutionally inadequate. *See* SHCR at 7–8.

To the extent that Applicant is attacking the *adequacy* of those reasons in support of a desire to be *released* to parole, his contention is synonymous with the decision to deny parole itself, and it is not reviewable by this Court under the auspices of Article 11.07. This is because the *decision* of *whether* to release an inmate to simple parole—even though he is eligible—remains within the sound discretion of the Board and is not subject to judicial review. *See Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000) (citing *Ex parte Rutledge*, 741 S.W.2d 460 (Tex. Crim. App. 1987), *overruled on other grounds by Ex Parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994)). "[W]e have reviewed procedures that relate to the granting of . . . parole without reviewing the parole board's ultimate decision granting or denying . . . parole." *Id*. at 557 (citing *Ex parte Ruiz*, 750 S.W.2d 217, 218 (Tex. Crim.

App. 1988)).[4] And the Court provided a powerful justification for this rule

in *Ex parte Geiken*:

> The simple fact is that not all government decisions implicate constitutional rights and not all such decisions are subject to review. As the Supreme Court noted, "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations. This is especially true with respect to the sensitive choices presented by the administrative decision to grant parole release."

*Geiken*, 28 S.W.3d at 556 (quoting *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)).

It bears repeating—to the extent that Applicant is asking the Court to review the Board's *substantive* determination that he not be released to parole, that decision is not subject to judicial review. *See id.*

---

[4] Unlike the restriction on this Court's authority to review the Board's decision to deny release to *mandatory supervision*, which is *statutory*, *see* Tex. Gov't Code § 508.149(d), this limitation on the propriety of reviewing the Board's decision to deny simple parole appears to be the sound creation of the Court.

**B.** **To the extent that Applicant is asking this Court to determine whether § 508.1411 creates a liberty interest, Applicant's contention is reviewable by this Court under Article 11.07 as a matter of first impression.**

Applicant is advancing an argument implicating the force and effect of § 508.1411, which requires the Court to first resolve whether that statute creates a liberty interest sufficient to maintain an action under Article 11.07. Like any threshold question regarding a court's authority to act, this Court necessarily has authority to first determine whether Applicant's claim, as it relates to § 508.1411, can proceed under Article 11.07. But as the Board will establish below, once this decision is made *generally*—and assuming the Court agrees that § 508.1411 does not create a liberty interest—the Court should then hold that Article 11.07 is not available to resolve claims like Applicant's going forward.

"A threshold determination in any post[-]conviction habeas corpus application is whether the claim presented is cognizable by way of collateral attack." *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994); *accord Geiken*, 28 S.W.3d at 556 ("The first question we must consider is whether Article 11.07 is the proper method for presenting applicant's claim to this Court"). To this end, the Court has held that

10

under "Article 11.07 . . . post-conviction habeas relief is available for claims involving jurisdictional defects and violations of fundamental or constitutional rights."[5] *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (citing *Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002)).

Applicant is not here suggesting either a jurisdictional defect in his judgment of conviction or a violation of a "fundamental" right; rather, Applicant explicitly presses a due process violation. *See* SHCR at 7–8. Hence, to determine whether Applicant advances a cognizable Article 11.07 claim, the question becomes whether the Board's written reasons denying parole, as required by § 508.1411, implicate the protections of the Due Process Clause. If they do not—and as the Board will establish below, they *cannot*—then Applicant's claims are not cognizable, whether or not he makes them with reference to the Due Process Clause.

> A procedural due process analysis is two-tiered. The reviewing court must determine whether a protected liberty or property interest exists and, if so, decide whether sufficient procedural safeguards are employed to assure the deprivation of that interest is not arbitrary. The interest at issue must

---

[5] Under the Court's precedent, whether Article 11.07 is "available" to advance a post-conviction claim, appears to involve only the *cognizability* of that claim, and not a limitation on the Court's *jurisdiction* to otherwise entertain that claim.

11

amount to more than a "unilateral hope." [R]ather the claimant must show an entitlement. A liberty interest may arise from either the due process clause itself or from state statutes. In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979), the Supreme Court acknowledged that even though the due process clause itself does not embody a right to release on parole, a state statute could create an entitlement to release on parole.

*Ex parte Montgomery*, 894 S.W.2d 324, 327 (Tex. Crim. App. 1995) (citations omitted). Hence, the first question becomes whether § 508.1411 creates a liberty interest necessary to obtain the protections of the Due Process Clause.

## C. The language of § 508.1411 does not create a liberty interest in parole.

"The Supreme Court has determined that a liberty interest is created when state statutes use such mandatory language." *Geiken*, 28 S.W.3d at 558 (citing *Greenholtz*, 442 U.S. at 11–12). "A statute will create an expectation or entitlement if it places 'substantive limitations on official discretion' to deny the particular interest." *Montgomery*, 894 S.W.2d at 327 (quoting *Kentucky Dep't Corr. v. Thompson*, 490 U.S. 454, 462 (1989)). "Explicitly mandatory language i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present,

a particular outcome must follow will create a liberty interest." *Id.* at 327–28 (internal quotations omitted). For example, "mandatory language stating that a prisoner shall be released on parole unless certain enumerated factors are found to be present was held to create a presumption and, therefore, an expectation of release." *Id.* at 328 (citing *Board of Pardons v. Allen*, 482 U.S. 369 (1987)).

"On the other hand, unfettered discretion shown by an absence of standards or mandatory prerequisites does *not give rise to an entitlement.*" *Id.* (emphasis added) (citing *Connecticut Bd. Pardons v. Dumschat*, 452 U.S. 458, 466 (1981)). The preceding limitation bears repeating— if the relevant statute does not create a liberty interest, then the Due Process Clause in not implicated. *Id.*; *see Geiken*, 28 S.W.3d at 558 (where a statute does not create a liberty interest "then no procedural due process safeguards are required."). And absent a due process violation, Applicant cannot obtain an Article 11.07 remedy because such a claim would not be cognizable.

Indeed, this Court *already* determined that Texas's simple parole statutes—the ones applied here to deny Applicant release—do not create

13

a mandatory presumption in favor of release under the auspices of either *Greenholtz* or *Allen*. "[A]n inmate does not have a statutorily vested liberty interest in being released on parole." *Ex parte Retzlaff*, 135 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing *Geiken*, 28 S.W.3d at 558); *see also Geiken*, 28 S.W.3d at 558 ("Unlike parole, which requires that the Board vote in favor of release, the mandatory supervision statute requires that the offender be released absent Board action to the contrary"); *id.* ("[T]he parole system in Texas creates no such presumption"). And again, since the Texas parole statute does not create a liberty interest in parole, the Due Process Clause finds no application to the Board process in denying parole. *See Geiken*, 28 S.W.3d at 558 (where a statute does not create a liberty interest "then no procedural due process safeguards are required").

The question then becomes whether the enactment of § 508.1411 somehow *changed* the Court's legal resolution in *Geiken*, and created a mandatory presumption in favor of release where there was none before—it did not. The statute reads:

> (a)    For each decision of a parole panel granting or denying the release of an inmate on parole, or denying the

release of an inmate on mandatory supervision, the parole panel *shall*:

(1) produce a written statement, in clear and understandable language, that explains:
  (A) the decision; and
  (B) the reasons for the decision only to the extent those reasons relate specifically to the inmate;
(2) provide a copy of the statement to the inmate; and
(3) place a copy of the statement in the inmate's file.

(b) In a written statement produced under Subsection (a), the parole panel may withhold information that:
  (1) is confidential and not subject to public disclosure under Chapter 552; or
  (2) the parole panel considers to possibly jeopardize the health or safety of any individual.

(c) The board shall keep a copy of each statement produced under Subsection (a) in a central location.

Tex. Gov't Code § 508.1411 (West 2014) (emphasis added). The single "mandatory" word in the statute directs the Board to provide its rationale *after it has already denied release to parole. See id.* Section 508.1411, however, places no limits on the Board's discretion to grant or to deny parole and it does not suggest that a particular liberty-based outcome must follow where the Board fails to provide a reason. As a result, it does not create a free-standing liberty interest, which means that Applicant's legal complaints regarding the Board's notice are not cognizable.

15

**D.** **Where, as here, no liberty interest is implicated by statute, and hence, no due-process rights are created by statute, a prisoner is not entitled to a written statement of the reasons for denial of parole.**

The specificity demanded by Applicant is not called for by statute, nor is it required by due process. In analyzing parole procedures which, like the Board's, are not grounded in a protectable liberty interest, the Supreme Court has explained:

> [T]here simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations. This is especially true with respect to the sensitive choices presented by the administrative decision to grant parole release.

*Greenholtz*, 442 U.S. at 7 (citations omitted). And because the Board is given such broad discretion in determining whether to grant or deny parole,[6] due process does not require that an inmate be given a *reason* for the Board's decision to deny parole. *See e.g., Peck v. Battey*, 721 F.2d

---

[6] Indeed the Board is given complete authority to write its own rules and policies regarding its decision to grant or deny parole, and can change those guidelines on its own discretion. *See* Tex. Gov't Code § 508.144 (West 2015). The single substantive "requirement" is that the Board "ensure that the guidelines require consideration of an inmate's progress in any programs in which the inmate participated during the inmate's term of confinement." *See* Tex. Gov't Code § 508.144(a)(3). Importantly, however, this requirement does not actually place a substantive limitation on the Board's official discretion to deny parole. *See Montgomery*, 894 S.W.2d at 327.

16

1157, 1159 (8th Cir. 1983) (because the applicable statutes did not require the granting of commutation or parole upon a set criteria, the inmate did not have "a statutorily created expectation" of early release, and was therefore not entitled to written reasons for denial); *Fabries v. U.S. Bd. of Parole*, 484 F.2d 948, 949 (7th Cir. 1973) (where board is given a broad range of discretion in determining whether to grant or deny an application for parole, "a prisoner need not be . . . provided with a statement of reasons for the Board's actions"). As the Supreme Court explained:

> [W]e find nothing in the due process concepts . . . that requires the Parole Board to specify the particular "evidence" in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release. The Board communicates the reason for its denial as a guide to the inmate for his future behavior. To require the parole authority to provide a summary of the evidence would tend to convert the process into an adversary proceeding and to equate the Board's parole-release determination with a guilt determination.

*Greenholtz*, 442 U.S. at 15–16 (citations omitted). Hence, under the Texas parole scheme, due process does not require that the Board provide Applicant with *any* reasons in support of its decision to deny parole—let alone constitutionally "adequate" ones.

17

**E.** Since Applicant's claims do not implicate due process protections, they do not advance a cognizable basis for habeas relief, and Article 11.07 is not available going forward to challenge the written reasons of the Board to deny simple parole.

The Court should not permit inmates like Applicant to convert the Board's determination to deny parole into a judicially mediated, adversarial proceeding to test the legal "acceptability" of the denial reasons. Due process does not require such an outcome, and nothing in the text of the statute suggests the Legislature intended one.

This is not to say that Applicant is without a legal remedy to correct hypothetical Board-errors in its written notice denying parole. Board rules give inmates access to a procedure to seek special review after a denial of parole, where such a request is premised upon "an allegation that the parole panel has committed an error of law or board rule." 37 Tex. Admin. Code § 145.17. Indeed, in similar contexts the Court has found that the availability of an analogous form of administrative review is more than adequate to justify the unavailability of judicial review in habeas. *See Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (noting that the Court has previously refused to consider matters such as

18

loss of good time credit, disciplinary proceedings and inmate classification by way of a writ of habeas corpus, especially where administrative procedures exist to correct errors).

## II. Because § 508.1411 Does Not Create an Independent, Freestanding Liberty Interest, a Prisoner Is Not Constitutionally Entitled to a Written Statement of the Reasons for Denial of Parole; Hence, There Can Be No Due Process Violation Whether or Not the Board's Reasons for That Denial Comport With § 508.1411.

The Court next asks the Board to consider the following—assuming *arguendo* the availability of Article 11.07 to advance Applicant's claim, whether § 508.1411 implicates due process and, moreover, whether the written denial notice provided by the Board satisfies due process. For the reasons established, *supra*, the Board's decision to deny simple parole does not impute a cognizable interest under the Due Process Clause and § 508.1411 did nothing to change this. So, too, as established, *supra*, the Board's written notice of the reasons for denying parole can *never* implicate due process under the present, Texas statutory scheme.

And because the Board's written reason for denying parole does not implicate the protections of the Due Process Clause—irrespective of the requirements of § 508.1411—Applicant fails to advance a cognizable

19

claim under Article 11.07. The Court should therefore deny Applicant's application as being non-cognizable, to give guidance to the lower courts in resolving this kind of claim going forward.

## III. An Application for a Writ of Mandamus Is Not the Proper Remedy for Applicant's Claim.

### A. The Court does not have jurisdiction to issue the writ of mandamus in this circumstance.

"'For a court to act, it must have jurisdiction to do so. This is fundamental.'" *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 (Tex. Crim. App. 1985) (quoting *State v. Klein*, 154 Tex. Crim. 31, 224 S.W.2d 250 (Tex. Crim. App. 1949)). The Court has original jurisdiction over state habeas applications. *See Ex parte Davis*, 947 S.W.2d 216, 219 (Tex. Crim. App. 1997) (recognizing this Court's "constitutional powers over the writ of habeas corpus").

In cases not involving habeas corpus, the scope of the Court's jurisdiction is defined by the Texas legislature. *See Ex parte Golden*, 991 S.W.2d 859, 861 (Tex. Crim. App. 1999) ("The Legislature may define, expand, or limit this Court's original writ jurisdiction."). Article 4.04 of the Texas Code of Criminal Procedure grants each member of this Court,

> [T]he power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The court and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

Tex. Code Crim. Proc. art. 4.04, § 1 (West 2014). Article 4.04 also provides that this Court shall have appellate jurisdiction coextensive with the limits of Texas in all criminal cases. *Id.* § 2. This Court, then, may issue writs of mandamus to enforce its original jurisdiction to issue writs of habeas corpus or the Court's appellate jurisdiction in criminal law matters.

Undoubtedly, this Court has jurisdiction to issue writs of mandamus in "criminal law matters." *See Smith v. Flack*, 728 S.W.2d 784, 788 (Tex. Crim. App. 1987); *see Dickens v. Court of Appeals*, 727 S.W.2d 542, 546 (Tex. Crim. App. 1987); *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). No such jurisdiction appears to exist, however, where mandamus is directed at an executive agency like the Board:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or

21

> compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

Tex. Gov't Code § 22.002(c) (West 2014). So, too, with one exception, the Board has been unable to locate any cases in which the Court maintained jurisdiction to issue a writ of mandamus against a non-judicial officer. *See Flack*, 728 S.W.2d at 789. But *Flack* is distinguishable because the Court there issued mandamus to enforce a pre-existing court order directed to county officials. *See id.* at 788–89.

To the extent that Applicant might argue that the Court has continuing jurisdiction to issue a writ of mandamus pursuant to this pending Article 11.07 application, under the Court's precedent his habeas application is not a cognizable vehicle to invoke the Court's jurisdiction to do anything. Consequently, there can be no court order or mandate to enforce. This is not to say that the Board is unmindful of its obligation to comport with the spirit and text of § 508.1411—in Applicant's case and others. And moreover, the Board will plainly follow its own rules when considering "an allegation that the parole panel has committed an error

22

of law or board rule" with regard to the Board's written reason for denying parole. *See* 37 Tex. Admin. Code § 145.17.

In short, because mandamus would be directed against non-judicial state actors, and because Applicant's Article 11.07 application is not cognizable, Applicant cannot invoke this Court's original or continuing mandamus jurisdiction.

B.    **Alternatively, mandamus is wholly inappropriate; Applicant has an adequate remedy at law**.

Alternatively, an original writ of mandamus is wholly inappropriate to provide the specific remedy that Applicant seeks. To be entitled to a writ of mandamus, Applicant must show that (1) the act sought to be compelled is ministerial and non-discretionary, and (2) he has no adequate remedy at law. *See Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex. Crim. App. 1991). Assuming, *arguendo*, that § 22.002(c) does not foreclose the Court's jurisdiction to issue a writ of mandamus directed at a non-judicial officer, mandamus is not available here.

First, an act is ministerial only "if it constitutes a duty clearly fixed and required by law." *Flack*, 728 S.W.2d at 789 (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (op. on reh'g)).

23

Further, an act is ministerial only if it can be "accomplished without the exercise of discretion or judgment." *Id.* The only *action* by the Board which might qualify as "ministerial" under § 508.1411 is the *act* of providing an inmate with a written reason for denying parole. *But this already happened.* The reasons themselves—which Applicant explicitly deems inadequate—are merely a reflection of the Board's *discretion* to deny parole. Therefore, an order directing the Board to justify or re-issue its discretionary reasons to deny parole fail any conceivable legal measure of "ministerial" and cannot support the Court's authority to issue a writ of mandamus.

Second, Applicant has an available remedy that is more than adequate to protect the narrow statutory right created in § 508.1411. *See* 37 Tex. Admin. Code § 145.17; *see also Geiken*, 28 S.W.3d at 556 (holding that the judicial process is not always available to ensure error-free decision making by the executive, at least with respect to non-constitutional "rights"). To be sure, the Court has held that even where an adequate remedy exists, mandamus may be proper where the alternative remedial process is "uncertain, tedious, burdensome, slow,

24

inconvenient, inappropriate or ineffective as to be deemed inadequate."

*Flack*, 728 S.W.2d at 792. Nothing in this record, however, suggests such

a view.

## PRAYER FOR RELIEF

For the foregoing reasons, the State respectfully requests that this Court deny Applicant's Article 11.07 application and hold that such a challenge is not cognizable under either habeas or mandamus processes.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Joseph P. Corcoran
JOSEPH P. CORCORAN*
Assistant Attorney General
Supervising Attorney
  for Non-Capital Appeals
Criminal Appeals Division
State Bar No. 00793549
Joseph.Corcoran@TexasAttorneyGeneral.gov

*Lead Counsel

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 936-1280

ATTORNEYS FOR THE TEXAS
BOARD OF PARDONS AND PAROLE

26

## CERTIFICATE OF SERVICE

Pursuant to Rule 9.5(b)(1) of the Texas Rules of Appellate Procedure, I do hereby certify that if the email address of attorneys designated below is on file with the electronic filing manager, a true and correct copy of the foregoing notice was served electronically by that electronic filing manager, on the following attorneys via electronic mail:

Alfredo Morales, Jr.
Attorney for Applicant

Glenn Devino
Attorney for the State

Moreover, I do hereby certify that if the email addresses for the designated attorneys are not on file with the electronic filing manager, a true and correct copy of the foregoing pleading was served by placing same in the United States Mail, postage prepaid, on this the 13th day of March, 2015, addressed to:

Alfredo Morales, Jr.
700 S. 25 1/2 St. E.
Mcallen, TX  78501

Glenn Devino
Assistant District Attorney
100 N. Closer
Edinburg, Texas 78539

27

/s/ Joseph P. Corcoran
JOSEPH P. CORCORAN
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE WITH
## TEXAS RULE OF APPELLATE PROCEDURE 73.1(f)

This brief complies with Tex. R. App. Proc. 73.3 in that it contains

6,478 words, as calculated pursuant to Tex. R. App. Proc. 73.1(d), in

Microsoft Word 2013, Century, 14 points.

/s/ Joseph P. Corcoran
JOSEPH P. CORCORAN
Assistant Attorney General